IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DES MOINES DIVISION

| | | |
|---|---|---|
| MAHARISHI FOUNDATION USA, INC. | ) ) ) | No. 4:11-cv-562 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | COMPLAINT FOR FALSE ADVERTISING AND SERVICE MARK INFRINGEMENT |
| THE MEDITATION HOUSE, LLC | ) ) | |
| Defendant. | ) | |

Plaintiff MAHARISHI FOUNDATION USA, INC. (the "Foundation"), for its Complaint against Defendant The Meditation House, LLC ("The Mediation House"), states:

**JURISDICTION AND VENUE**

1. The Foundation is a corporation organized under the laws of the state of Massachusetts with its principal place of business in Fairfield, Iowa.

2. Upon information and belief, The Meditation House is a limited liability company organized under the laws of the State of Iowa with its principal place of business in Ankeny, Iowa.

3. This Court has subject matter jurisdiction over Foundation's federal claims pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331 and 1338, involving allegations of violations of the Lanham Act §§ 32 and 43, 15 U.S.C. § 1114 and 15 U.S.C. § 1125, respectively.

4. Venue is proper pursuant to the provisions of 28 U.S.C. §§ 1391(b) and (c) in that the events giving rise to the claim occurred in the Southern District of Iowa, and The Meditation House is subject to personal jurisdiction in this Court.

**FACTUAL ALLEGATIONS**

5. The Foundation is a non-profit educational organization that promotes and provides instruction in the Transcendental Meditation® technique (also known as TM®) through trained certified instructors and encourages scientific research into the benefits associated with the practice of the TM technique.

6. In the past five decades, approximately one million people have learned the TM technique from one of the more than one hundred TM centers around the United States.

7. The TM technique has been the subject of more than 600 scientific studies conducted at 250 universities and medical schools in 33 countries. Research has been conducted from such notable medical schools as Harvard, Stanford, UCLA, University of Chicago, University of Michigan, University of Virginia, and Yale. These scientific studies have verified a wide range of health and other benefits from the TM technique, including reduction in stress, lower blood pressure, improved blood glucose and insulin levels.

8. The Foundation is the exclusive licensee of United States Service Mark Registration No. Reg. No. 1,082,923 to Transcendental Meditation federally registered on the Principal Register maintained by the United States Patent and Trademark Office (the "Trademark Office"). On April 2, 1984, the Trademark Office acknowledged an

affidavit filed under Lanham Act § 15, 15 U.S.C. § 1065, for incontestable status for the Transcendental Meditation service mark. The licensor and owner of the mark is Maharishi Foundation, LTD., a corporation organized under the laws of the United Kingdom, which, pursuant to an exclusive license agreement, granted all rights under the mark in the United States to the Foundation, including, without limitation, the right to enforce the mark. A true and correct copy of the registration is attached as Exhibit C.

9. The Transcendental Meditation service mark has been continuously and substantially exclusively used in commerce for educational services since at least 1966. The rights supported by such long and continuous use of the Transcendental Meditation mark, by the Foundation, its predecessors in interest, and its licensees, and goodwill associated therewith inure to the benefit of the Foundation and the Maharishi Foundation, LTD.

10. The Foundation has extensively promoted and advertised its services under the Transcendental Meditation service mark to identify its educational services and to distinguish its services from similar services offered by other companies and individuals, by, and without limitation, prominently displaying the Transcendental Meditation service mark in promotional and advertising materials distributed throughout the United States. The Foundation's services provided under the Transcendental Meditation mark are provided nationwide including in the State of Iowa.

11. As a result of the extensive promotion and advertising of the services under the Transcendental Meditation service mark, and as evidenced by the

incontestable registration, the Transcendental Meditation service mark has become well-known and widely accepted and respected by the relevant public and in the medical field. As a further result of such promotion and advertising, and as evidenced by the registration, the Transcendental Meditation service mark is highly distinctive, identifying educational services emanating only from the Foundation and symbolizing valuable goodwill.

12. The Foundation's Transcendental Meditation service mark is famous in the United States, in Iowa, and throughout the world, and became famous long prior to The Meditation House's first unauthorized use of the Transcendental Meditation service mark.

13. The Meditation House claims to teach the same type of meditation instruction with the same health benefits. The Meditation House teaches a meditation technique coined "Vedic Meditation," which it claims may be correctly referred to as "Transcendental Meditation." The Meditation House also claims that scientific studies conducted at over 200 research institutes and universities support the health benefits attributed to Vedic Meditation and its claims to health benefits have been proven by science in over 600 published scientific research studies.

14. More specifically, The Meditation House, claims that "[a]ccording to scientific studies conducted at over 200 research institutes and universities, a few minutes of Vedic Meditation each day produces a wide range of health benefits…." A highlighted copy of The Meditation House's Vedic Meditation webpage is attached as Exhibit A.

15. According to The Meditation House, there are several notable health benefits attributed to the practice of the Vedic Meditation technique, including "reduced risk of heart disease" and "normalization of blood pressure." A highlighted copy of The Meditation House's webpage in which it answers frequently asked questions about its meditation program is attached as Exhibit B.

16. The Meditation House also advertises that, its "claims have been proven by science" in "over 600 published scientific research studies…" This claim is highlighted in Exhibit B.

17. The Meditation House's claims are false. The Transcendental Meditation technique is a proprietary form of meditation taught by the Foundation and its authorized licensees. By virtue of its federally registered service mark, only those licensed by the Foundation may teach the Transcendental Meditation technique or use the mark to describe those services. In the course of more the five decades of continuous and substantially exclusive use, the Foundation has built up considerable and valuable goodwill in the Transcendental Meditation service mark making it highly distinctive of a unique form of meditation taught only by the Foundation.

18. The Foundation has never had an affiliation or license with The Meditation House nor, on information and belief, has anyone connected with The Meditation House ever taken an authorized course on the TM technique, let alone acquired the skills and knowledge necessary or the authorization from the Foundation required to teach it. The Meditation House's belief that the parties' respective

meditation services are equivalent is based on a self-serving desire to appropriate the valuable goodwill associated with the Foundation's brand for its own commercial gain.

19. Contrary to the express representations by The Meditation House, there is no research supporting The Meditation House's Vedic Meditation technique. On information and belief, not a single scientific study has been conducted on practitioners of the Vedic Mediation technique nor is there a single published scientific study that supports The Meditation House's claims.

20. The Meditation House's claims of scientific support and published research were copied from the Foundation's literature based on a self-serving belief that the parties' services are equivalent, and, thus, research regarding one is applicable to the other. There is, however, no objective support for The Meditation House's claim that the parties' respective services are equivalent.

21. The Meditation House's claims are literally false on their face in several ways: (i) There has been no scientific research on The Meditation House's Vedic Meditation; (ii) There are no published scientific studies on Vedic Meditation; and (iii) There is no scientific evidence that shows that the Vedic Meditation program reduces the risk of heart disease and normalizes blood pressure.

22. The Meditation House's claims convey a false impression that there has been scientific research on The Meditation House's Vedic Meditation, there are published scientific studies on Vedic Meditation, and there is scientific evidence that shows that the Vedic Meditation program reduces the risk of heart disease and normalizes blood pressure.

23. On information and belief, whether a meditation technique has been the subject of scientific studies documented in published research, and whether scientific studies supports specific health claims, all are highly material to a consumer's decision to purchase services in the form of instruction in a meditation technique.

24. On information and belief, consumers have been deceived and are likely to be deceived by the Mediation House's deliberate, willful, and intentionally false claims concerning the scientific support for the services it advertises on its website, www.themeditationhouse.com.

25. On information and belief, consumers have been deceived and are likely to be deceived by the Mediation House's deliberate, willful, and intentionally false claims concerning the health benefits attributed to the services, including a reduced risk of heart disease and normalization of blood pressure, it advertises on its website, www.themeditationhouse.com .

26. The Meditation House's false advertising misleads consumers and damages the Foundation: The Meditation House's false advertisements divert customers from the Foundation to The Meditation House, which provides a competing form of services. The Foundation is losing consumers because The Meditation House's false advertisements mislead consumers into believing that its Vedic Meditation technique is equivalent to the Transcendental Meditation technique and is scientifically proven to yield the same notable health benefits.

27. The Meditation House is representing to its customers that its Vedic Meditation program is equivalent to or the same as the services provided by the Foundation under the Transcendental Meditation service mark.

28. The Meditation House has intentionally adopted, advertised, and used the Transcendental Meditation service mark in connection with the promotion and sale of education service. The Meditation House's Internet homepage for its Vedic Meditation program is shown in Exhibit A.

29. The Meditation House deliberately, willfully, and intentionally adopted, advertised, and used the Transcendental Meditation service mark in connection with the promotion and sale of education services.

30. The Meditation House has advertised and promoted its business and services in a manner calculated to confuse, or to cause mistake, or to deceive the public into believing that The Meditation House's services are equivalent to the services provided by the Foundation.

31. The Meditation House's advertising and promotional practices have misled and deceived—or are likely to mislead and deceive—the public.

32. The Meditation House has advertised and promoted its business and services in a manner calculated to call to mind the Transcendental Meditation service mark and to create the false impression that The Meditation House's business and services are affiliated, connected, or associated with the Foundation or that The Meditation House has the sponsorship or approval of the Foundation. The public has

been or is likely to be misled or deceived by the false impression arising from The Meditation House's usage of the Transcendental Meditation mark.

33. The Meditation House's advertisement and promotion of its business and services under the Transcendental Meditation service mark are likely to cause confusion, mistake, and deception as to the source and origin of The Meditation House's services.

34. Through substantial efforts, the Foundation has attempted to obtain agreement of The Meditation House to cease its false advertising. Such efforts have been unsuccessful.

35. The Meditation House's continued infringement demonstrates a willful and bad faith intent to create confusion, deception, and mistake in the minds of The Meditation House's potential customers and to trade on the Foundation's goodwill by implying a connection or relationship between The Meditation House's and the Foundation's respective services. As a result of the conduct of The Meditation House, The Meditation House has been and will continue to be unjustly enriched.

36. The Meditation House's unauthorized use of the Transcendental Meditation service mark is likely to dilute and blur the distinctive quality of the Foundation's Transcendental Meditation service mark, and to tarnish the Foundation's Transcendental Meditation service mark.

# COUNT I
# FALSE ADVERTISING
# 15 U.S.C. § 1125(a)

37. The Foundation incorporates by reference paragraphs 1-36 of this Complaint as set forth in full here.

38. This claim arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

39. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

40. On the basis of the foregoing paragraphs, Defendant The Meditation House, in connection with services, used a false or misleading description of fact, or a false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics and qualities of The Meditation House's services. Specifically, The Meditation House's intentional and deliberate statements that over 200 scientific studies show that a few minutes of Vedic Meditation each day produces a wide range of practical physiological benefits, that Vedic Meditation reduces the risk of heart disease and normalizes blood pressure, and that its claims are proven in over 600 published scientific research studies, misrepresents the nature, characteristics and qualities of those services.

41. The aforesaid acts of The Meditation House will greatly and irreparably damage the Foundation unless enjoined by this Court, as a result of which the Foundation is without an adequate remedy at law.

## COUNT II
## UNFAIR COMPETITION
## 15 U.S.C. § 1114(1)

42. The Foundation incorporates by reference paragraphs 1-36 of this Complaint as set forth in full here.

43. This claim arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

44. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

45. On the basis of the foregoing paragraphs, The Meditation House has represented falsely that The Meditation House's services and business are legitimately connected with the Foundation and its services, has described falsely that The Meditation House's services and business are sponsored or approved by the Foundation, and has designated falsely that The Meditation House's services originate from the Foundation.

46. The aforesaid acts of The Meditation House will greatly and irreparably damage the Foundation unless enjoined by this Court, as a result of which the Foundation is without an adequate remedy at law.

## COUNT III
## TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114(1)

47. The Foundation incorporates by reference paragraphs 1-36 of this Complaint as set forth in full here.

48. This claim arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

49. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

50. On the basis of the foregoing paragraphs, Defendant The Meditation House, in connection with its services, has infringed the Foundation's U.S. Trademark Reg. No. 1,082,923 for Transcendental Meditation in interstate commerce. Specifically, The Meditation House's intentional and deliberate statements that its services are equivalent to, the same as, or may be correctly referred to as Transcendental Meditation are likely to cause confusion, or to cause mistake, or to deceive consumers as to the source and quality of The Meditation House's services.

51. The aforesaid acts of The Meditation House will greatly and irreparably damage the Foundation unless enjoined by this Court, as a result of which the Foundation is without an adequate remedy at law.

## COUNT IV
## TRADEMARK DILUTION
## 15 U.S.C. § 1125(c)

52. The Foundation incorporates by reference paragraphs 1-36 of this Complaint as set forth in full here.

53. This claim arises under the Lanham Act, 15 U.S.C. § 1051 et seq.

54. This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331.

55. On the basis of the foregoing paragraphs, The Meditation House willfully intended to trade on the Foundation's reputation and to cause dilution of the Foundation's famous Transcendental Meditation service mark.

56. The aforesaid acts of The Meditation House will greatly and irreparably damage the Foundation unless enjoined by this Court, as a result of which the Foundation is without an adequate remedy at law.

**COUNT V
FALSE REPRESENTATION
UNDER IOWA LAW**

57. The Foundation incorporates by reference paragraphs 1-36 of this Complaint as set forth in full here.

58. This claim arises under the common law of the State of Iowa.

59. This Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a).

60. On the basis of the foregoing paragraphs, defendant Meditation House, in connection with services, used a false or misleading description of a material fact, or a false or misleading representation of a material fact, which in commercial advertising or promotion, misrepresents the nature, characteristics and qualities of The Meditation House's services. Specifically, The Meditation House's intentional and deliberate statements that over 200 scientific studies show that a few minutes of Vedic Meditation each day produces a wide range of practical physiological benefits, that Vedic Meditation reduces the risk of heart disease and normalizes blood pressure, and that its claims are proven in over 600 published scientific research studies, misrepresent the nature, characteristics and qualities of the Mediation House's services.

61. The aforesaid acts of The Meditation House will greatly and irreparably damage the Foundation unless enjoined by this Court, as a result of which the Foundation is without an adequate remedy at law.

## COUNT VI
## UNFAIR COMPETITION
## UNDER IOWA LAW

62. The Foundation incorporates by reference paragraphs 1-36 of this Complaint as set forth in full here.

63. This claim arises under the common law of the State of Iowa.

64. This Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a).

65. On the basis of the foregoing paragraphs, The Meditation House willfully intended to trade on the Foundation's reputation and to cause dilution of the Foundation's famous Transcendental Meditation service mark.

66. The aforesaid acts of The Meditation House will greatly and irreparably damage the Foundation unless enjoined by this Court, as a result of which the Foundation is without an adequate remedy at law.

## COUNT VII
## TRADEMARK INFRINGEMENT
## UNDER IOWA LAW

67. The Foundation incorporates by reference paragraphs 1-36 of this Complaint as set forth in full here.

68. This claim arises under Iowa Code § 548.112.

69. This Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a).

70. On the basis of the foregoing paragraphs, The Meditation House's acts constitute trademark infringement.

71. The aforesaid acts of The Meditation House will greatly and irreparably damage the Foundation unless enjoined by this Court, as a result of which the Foundation is without an adequate remedy at law.

### COUNT VIII
### TRADEMARK DILUTION
### UNDER IOWA LAW

72. The Foundation incorporates by reference paragraphs 1-36 of this Complaint as set forth in full here.

73. This claim arises under Iowa Code § 548.113.

74. This Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a).

75. On the basis of the foregoing paragraphs, The Meditation House's acts constitute a dilution of the Foundation's business reputation.

76. The aforesaid acts of The Meditation House will greatly and irreparably damage the Foundation unless enjoined by this Court, as a result of which the Foundation is without an adequate remedy at law.

# COUNT IX
# UNJUST ENRICHMENT
# UNDER IOWA LAW

77. The Foundation incorporates by reference paragraphs 1-36 of this Complaint as set forth in full here.

78. This claim arises under Iowa Code § 548.113.

79. This Court has supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367(a).

80. On the basis of the foregoing paragraphs, the Meditation House's acts constitute unjust enrichment of the Meditation House at the expense of the Foundation.

**WHEREFORE**, Plaintiff Maharishi Foundation USA, Inc. respectfully requests that this Court grant judgement against Defendant the Meditation House, LLC on all claims by Entry of an Order of this Court , providing as follows:

a. Defendant, its servants, agents, officers, directors, and employees, and all other persons in active concert or participation with it, or any of its successors and assigns be preliminarily and permanently enjoined as follows:

>1. From making false and misleading statements and representations concerning scientific studies conducted on practitioners of the Transcendental Meditation technique in the sale by the Defendant of its services, including statements and representations concerning health benefits from Defendant's services;

>2. To disseminate appropriate and effective corrective advertising and promotional materials to the Defendant's customer base, including, but

not limited to, on the homepage of the www.themeditationhouse.com website, to correct the Defendant's false, misleading and deceptive representations;

3. To notify each and every customer who purchased services from the Defendant that the services provided by the Defendant have not been the subject of any scientific study, that there is no evidence that the technique taught by the Defendant reduces the risk of heart disease or normalizes blood pressure, and that there is no published scientific study that demonstrates any health benefit from the technique taught by the Defendant.

4. From using, in the advertisement, promotion, offering for sale, or sale of any services or the promotion of the Meditation House's business, the Transcendental Meditation service mark or any other colorable imitation thereof;

5. From expressly or impliedly representing itself to customers, potential customers, or the public to be affiliated in any way with the Foundation in connection with the sale, offering for sale, distribution, advertising, or promotion of services or the promotion of the Meditation House's business; and

6. From representing by words or conduct that the Meditation House's business or any product or service provided, offered for sale,

sold, advertised, or rendered by the Mediation House is authorized, sponsored, or endorsed by or otherwise connected with the Foundation.

b. Defendant be required to account for and pay over to the Foundation all damages suffered by the Foundation and all profits wrongfully derived by the Meditation House as a result of its false advertising, trademark infringement, trademark dilution, unfair trade practices, and unfair competition.

c. Defendant be required to pay over to the Foundation three times the actual damages sustained by the Foundation, together with the reasonable attorneys' fees and costs incurred by the Foundation in the prosecution of this action.

d. Defendant be ordered to deliver up for destruction all labels, signs, prints, insignia, brochures, and any other written or recorded material or advertisements in its possession or control containing the Transcendental Meditation service mark or any colorable imitation thereof.

e. Defendant be required, in accordance with 15 U.S.C. § 1116, to file with this Court and serve on the Foundation within thirty (30) days from the date of entry of any injunction a report in writing, under oath, setting forth in detail the manner and form in which the Defendant has complied with the terms of the injunction.

f. The Foundation have such other and further relief in law and in equity as the Court deems just and equitable.

/s/ Mark L. Zaiger
MARK L. ZAIGER          AT0008655
JASON R. SYTSMA         AT0009728
          for
SHUTTLEWORTH & INGERSOLL, P.L.C.
500 Firstar Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
PHONE:    (319) 365-9461
FAX:      (319) 365-8443
mlz@shuttleworthlaw.com
jrs@shuttleworthlaw.com

ATTORNEYS FOR PLAINTIFF MAHARISHI FOUNDATION USA, INC.