IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MAHARISHI FOUNDATION USA, INC., | Case No. 4:11-cv-00562 |
| Plaintiff, | |
| v. | **DEFENDANT'S RULE 19 MOTION, MOTION TO QUASH SUBPOENAS AND MOTION FOR PROTECTIVE ORDER** |
| THE MEDITATION HOUSE, LLC, | |
| Defendant. | **(Expedited Relief Requested)** |

COMES NOW the Defendant, The Meditation House, LLC, by and through undersigned counsel, and pursuant to Rules 19 and 26(c), respectfully requests this Court order Plaintiff to make Thom Knoles a defendant in this matter, quash the current third-party subpoenas, and defer any general discovery depositions until after Mr. Knoles has been made a defendant and filed a responsive pleading in this case.

1.     The plain language of Federal Rule of Civil Procedure 19 states that a person **must** be joined as a party if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may as a practical matter impair or impede the person's ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i).

2.     Here, as explained more fully in the supporting materials, Thom Knoles easily meets the above standard. Moreover, Plaintiff has in fact been threatening to sue Mr. Knoles for many months based on the same basic facts and causes of action currently

plead against Defendant.  Accordingly, Plaintiff should now be ordered to make Mr. Knoles a Defendant in this action.

3.      On November 27, 2012, Plaintiff served a notice of taking deposition of Jules Green, the sole member and owner of Defendant.  Thereafter, on the afternoon of December 4, 2012, the parties conducted a meet and confer telephone conference regarding this notice and other discovery matters in this case.  Specifically, the parties again agreed that Mr. Knoles will need to be added as a party in this case.

4.      During that conference Defendant made clear that it did not approve of a general discovery deposition of Ms. Green or anyone else prior to the new parties deadline.  In response, Plaintiff stated it would likely not agree to limit Ms. Green's deposition in any way.  Moreover, Plaintiff's counsel vaguely stated "we may have to go to California before [the new parties deadline]."

4.      Then, within 48 hours of that telephone conference, Plaintiff's counsel had issued and served general deposition subpoenas duces tecum on non parties Sanora Bartels and Matthew Spangler of California.  These subpoenas duces tecum were served without any prior notice to Defendant as required by Rule 45.

5.      Further, the subpoenas demand, among many other things, that Ms. Bartels and Mr. Spangler bring with them to the deposition all documents "relating to any communication, oral or written, between you and Thom Knoles," and other categories of documents clearly related to potential claims against Mr. Knoles.

6.      Presumably then, Plaintiff intends to elicit sworn testimony from non parties about their relationship and communications with Thom Knoles, who Plaintiff has

admitted to this Court and Defendant on numerous occasions should be made a party to this lawsuit.

7.      Proceeding with discovery in this manner would be entirely inefficient, and extremely prejudicial to not only Thom Knoles, but also Defendant and any other person or entity who will be made a party to this suit, as Plaintiff has admitted on numerous occasions that Mr. Knoles conduct beginning in 1997 is the main basis for this lawsuit.

8.      Accordingly, the Court should use its inherent discretion in controlling the discovery in this case to first quash the subpoenas already issued, and issue a Protective Order that defers any general discovery depositions until after Mr. Knoles, and any other persons or entities prior to the January 21, 2013 deadline, is made a party to this case and files the appropriate responsive pleading.

9.      Pursuant to LR 7(d) Defendant has filed contemporaneously herewith its Brief in Support of Rule 19 Motion and Motion for Protective Order and other supporting materials.

10.     Pursuant to LR 7(l) undersigned counsel has conferred in good faith with Plaintiff's counsel and Plaintiff's counsel cannot consent to the relief requested until it has had the opportunity to review these motion papers in detail.

11.     Finally, because expedited relief is requested, undersigned counsel plans to discuss this Motion and its contents with the Court at the monthly status conference currently set for Monday, December 17, 2012 at 11:00 a.m.

WHEREFORE, Defendant, The Meditation House, LLC, respectfully requests the Court, pursuant to Rule 19, order Plaintiff to make Tom Knoles a Defendant in this action

and issue a Protective Order deferring any general discovery depositions until after Mr.

Knoles and any other person or entity prior to the January 21, 2012 deadline is added as

party and files the appropriate responsive pleading.

BRADSHAW, FOWLER, PROCTOR & FAIRGRAVE, P.C.


By:_____ */s/ Todd A. Strother*_____
Todd A. Strother  AT0007650
Timothy N. Lillwitz  AT0008904
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004
Tel:   (515) 243-4191
Fax:   (515) 246-5808
E-Mail:  strother.todd@bradshawlaw.com
E-Mail:  lillwitz.timothy@bradshawlaw.com


By:__ */s/ Eric M. Braun*_____
Eric M. Braun, NY State Bar No. 2331890
Level 34, 50 Bridge Street
Sydney, NSW, Australia
Telephone:  (+61 419 208 276)
E-mail:  ericbraun@emblegal.com

ATTORNEYS FOR DEFENDANT THE MEDITATION HOUSE, LLC

Original filed

Copy to:
Mark Zaiger
Jason Sytsma
Shuttleworth & Ingersoll, P.L.C.
500 Firstar Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the 17th day of  December, 2012 by:

☐ U.S. Mail  ☐ FAX
☐ Hand Delivered  ☐ UPS
☐ Federal Express  ☒ Other: CM/ECF

_____ /s/ Lori O'Connor _____