IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MAHARISHI FOUNDATION USA, INC., | Case No. 4:11-cv-00562 |
| Plaintiff, | |
| v. | **BRIEF IN SUPPORT OF MOTION TO INTERVENE** |
| THE MEDITATION HOUSE, LLC, | |
| Defendant. | |
| THOMAS KNOLES, | |
| Intervenor. | |

COMES NOW, Thomas Knoles, by and through undersigned counsel, and pursuant to LR 7(d), hereby submits his Brief in Support of Motion to Intervene in the above-captioned matter.

## I.    INTRODUCTION

Over a year ago, the Plaintiff asserted by way of correspondence the same or substantially the same false advertising and trademark infringement claims against Mr. Knoles as against the Defendant, and made further claims that Mr. Knoles was responsible for the alleged unlawful conduct of the Defendant at issue in this case. Plaintiff also, in its letter of January 2012, informed Mr. Knoles that if he did not accede to legal demands made by the Plaintiff, the Plaintiff would commence litigation against him.  Mr. Knoles rejected Plaintiff's claims and demands against him.  In light of the

above matters, and the close relationship between the Plaintiff's claims against Defendant and Mr. Knoles, it was reasonable to infer that the claims and demands that the Plaintiff said, in January 2012, it would bring against Mr. Knoles would be brought in this proceeding, rather than separately.   However, the Plaintiff has now, about 12 months later, still not sued Mr. Knoles in this proceeding or otherwise, and has not provided the Court with any explanation for this "about-face".

Plaintiff also recently has noticed general discovery depositions directed at both its claims against Mr. Knoles, and the Defendant.   Accordingly, Mr. Knoles now seeks intervention in this proceeding, in order that his interests are not impaired by this proceeding being tried in his absence, and in order to promote the policy of the Federal Rules in favor of an efficient resolution of related claims in a single proceeding.

In relation to the above matters, including Mr. Knoles' interest in this proceeding and the risk of that interest being impaired if he is not allowed to join this proceeding, and the common issues of law and fact between the claims against him and the Defendant, Mr. Knoles adopts and incorporates his Affidavit dated January 5, 2013 filed with Defendant's Rule 19(a) motion, and relies on the arguments and authorities on those matters put forward by Defendant in connection with that Motion.

In its January 9, 2013 Order, the Court stated, "[a]s requested, defendant and/or Mr. Knoles shall be permitted to file, by January 15, 2013, a pleading seeking the joinder or intervention of Mr. Knoles in this action." (Order at p. 2).  For the reasons explained below, and pursuant to Rule 24 and applicable Eighth Circuit law, Mr. Knoles

respectfully submits that either:  he must be permitted to join this action as a matter of right under Rule 24(a), or he be permitted to intervene under Rule 24(b).

## II.   ARGUMENT

### A.   Intervention as a Matter of Right.

A party seeking intervention as a matter of right under Rule 24(a)(2) must show: "(1) it has a recognized interest in the subject matter of the litigation; (2) the interest might be impaired by the disposition of the case; and (3) the interest will not be adequately protected by the existing parties." *South Dakota ex. rel. Barnett v. U.S. Dept. of Interior*, 317 F.3d 783, 785 (8th Cir. 2003) (citing *Chiglo v. City of Preston*, 104 F.3d 185, 187 (8th Cir. 1997)).  The proposed intervenor must satisfy all three elements of the test. *Little Rock Sch. Dist. v. North Little Rock Sch. Dist.*, 378 F.3d 774, 780 (8th Cir. 2004).  However, Rule 24 "should be liberally construed with all doubts resolved in favor of the proposed intervenor." *Barnett*, 317 F.3d at 785 (citing *Turn Key Gaming, Inc. v. Oglala Sioux Tribe*, 164 F.3d 1080, 1081 (8th Cir. 1999)).

Under the first element, Mr. Knoles clearly has a recognized, direct interest in the subject matter of this litigation.  Here,  Plaintiff's claims of trademark infringement, trademark dilution, and false advertising against the Defendant are based on and depend on allegations that Vedic Meditation as taught by Mr. Knoles, is not the same or similar type of meditation as taught by the Plaintiff and its licensees and affiliates.   That same allegation is the basis for the claims of trademark infringement, dilution and false advertising asserted by the Plaintiff repeatedly in correspondence against Mr. Knoles. Plaintiff claims that Mr. Knoles is the moving force behind the conduct alleged against

the Defendant here (and the teachers of Vedic Meditation used by the Defendant).

Plaintiff also seeks expansive relief in this case against both the Defendant, and Mr.

Knoles, including corrective advertising against Vedic Meditation (as taught by Mr.

Knoles).   Complaint at ¶ 80(a)(2).  From Mr. Knoles perspective, Plaintiff's are in this

case seeking to require Defendant Meditation House L.L.C. to publish statements relating

to Vedic Meditation, as taught by Mr. Knoles, that would be false and misleading, and

defamatory of Mr. Knoles (and other teachers of Vedic Meditation).  As the e-mail

previously presented to the Court as Exhibit E to Defendants' Rule 19 Motion reveals,

Plaintiff and its affiliates and licensees also are seeking, through such claims and

demands, to shut down the activities of Mr. Knoles and monopolize the teaching of this

type of meditation.  Thus, Mr. Knoles interest in this case is direct, clear, and substantial.

Under the second of the three elements, Mr. Knoles' interest will no doubt be

impaired by the disposition of this case.  By its expressed terms, Rule 24(a)(2) requires

the movant show only that "the action may as a practical matter impair or impede the

movant's ability to protect its interest . . . The rule does not require . . . that [the movant]

demonstrate to a certainty that [its] interests *will* be impaired in the ongoing action."

*Kansas Public Employees Retirement Sys. v. Reimer & Koger Assoc., Inc.*, 60 F.3d 1304,

1307-08 (8th Cir. 1995) (italics in original).  Stated differently, Mr. Knoles "need not

show that, but for [his] intervention, [his] interest 'would be' impaired by the operation of

res judicata, collateral estoppel, or stare decisis, but rather only that [his] interest 'may

be' so impaired." *Union Elec. Co.*, 64 F.3d at 1161; *see also* 7C Wright, Miller & Kane,

*Federal Practice and Procedure 3d: Civil* § 1908.2 at 368 ("The question must be put in practical terms rather than legal terms.").

Here, there can be no doubt that Mr. Knoles' interest may be impaired by disposition of this case. For instance, if Plaintiff is successful in its claims, the very first action it is likely to take is to inform all clients and potential clients of Mr. Knoles that Vedic Meditation, the type of meditation he is teaching, is untrustworthy and vastly inferior to Transcendental Meditation, and that Mr. Knoles has falsely claimed it is the same or similar type of meditation that was taught by Maharishi Mahesh Yogi and the subject of numerous scientific studies. This kind of attack on Mr. Knoles' personal and professional reputation and livelihood could not be undone. Accordingly, this action provides potential impairment to Mr. Knoles' livelihood, reputation, and interest in and promoting this type of meditation.

Finally, under the third element, Mr. Knoles' interest will not be adequately protected by existing parties. Adequacy of representation is determined "by comparing the interests of the proposed intervenor with the interests of the current parties to the action." *Little Rock Sch. Dist.*, 378 F.3d at 780. "Typically, persons seeking intervention need only carry a 'minimal' burden of showing that their interests are inadequately represented by the existing parties." *Mille Lacs Band of Chippewa Indians v. Minnesota*, 989 F.2d 994, 999 (8th Cir. 1993) (citing *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)).

Here, although they may have similar goals with regard to the litigation, Mr. Knoles' interest is much greater than, and not the same as, that of the Defendant, who is a

one person LLC whose sole member is a single mother who does not even teach the type of meditation at issue.   In contrast, Mr. Knoles has devoted his life and earns his livelihood from teaching persons how to practice this type of meditation and teaching others how to teach this, such that he is the real party in interest on the Plaintiff's claims, and has a much greater and broader interest in this case than the Defendant.  Further, Mr. Knoles has extensive knowledge of matters directly relevant to the claims against the Defendant, and him, which the Defendant does not have.

Accordingly, based on the elements of the Eighth Circuit's three prong test under Rule 24(a)(2), Mr. Knoles is entitled to intervene in this case as a matter of right.

B.     Intervention as a Matter of Permission.

Should the Court deny Mr. Knoles' request to intervene as a matter of right under Rule 24(a)(2), in the alternative, and for the same reasons detailed above, Mr. Knoles should be given permission to intervene in this case pursuant to Rule 24(b).  Rule 24 allows for permissive intervention of a movant who "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). There really can be no question on the record before the Court that Mr. Knoles' claims against the Plaintiff share multiple issues of both fact and law with the claims between the Plaintiff and the Defendant.  These include that "Vedic Meditation" is the same or similar type of mediation as that taught by the Plaintiff and/or its licensees and affiliates, that it is accordingly not false or misleading for persons teaching or promoting Vedic Meditation to rely on scientific studies of the health and other benefits of this type of meditation, and that Plaintiff's trademark is not infringed by such reliance on the

-6-

scientific studies, or by the websites or Mr. Knoles and the Defendant (which do not use the terms "Transcendental Meditation" as a trademark and both contain similar disclaimers of any affiliation with the Plaintiff or its licensees and affiliates). Mr. Knoles and the Defendant also make the same or substantially the same other claims against the Plaintiff, namely that the Transcendental Meditation trademark is invalid on various grounds, and that the Plaintiff and its affiliates do not, as claimed, possess exclusive or "proprietary" rights to teach this type of meditation.

In light of the presence of such a large number of common issues of law and fact, the only other possible basis for denial of permissive intervention would be if the proposed intervention would "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). As this Court has already indicated, the opposite is in fact true. (See Order at p. 2). Mr. Knoles' presence will resolve a major issue in this case and allow it to proceed in accordance with the policy of the Federal Rules of Civil Procedure that related claims be disposed of fairly and efficiently in a single proceeding. Accordingly, the Court should allow Mr. Knoles to permissively intervene under Rule 24(b).

WHEREFORE, Intervenor Thomas Knoles, respectfully requests the Court, pursuant to Rule 24, permit him to intervene in the above-captioned matter as a matter of right, or in the alternative as a matter of permission, by way of the attached pleading.

BRADSHAW, FOWLER, PROCTOR &
FAIRGRAVE, P.C.


By:_____/s/ Todd A. Strother_____
                Todd A. Strother  AT0007650
                Timothy N. Lillwitz  AT0008904
                801 Grand Avenue, Suite 3700
                Des Moines, IA  50309-8004
                Tel:   (515) 243-4191
                Fax:   (515) 246-5808
                E-Mail:  strother.todd@bradshawlaw.com
                E-Mail:  lillwitz.timothy@bradshawlaw.com


ATTORNEYS FOR INTERVENOR

Original filed

Copy to:

Mark Zaiger
Jason Sytsma
Shuttleworth & Ingersoll, P.L.C.
500 Firstar Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
ATTORNEYS FOR PLAINTIFF


CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the 15th day of January, 2013 by:

☐ U.S. Mail            ☐ FAX
☐ Hand Delivered       ☐ UPS
☐ Federal Express      ☒ Other: EM/ECF_____

_____s/ Lori O'Connor_____