IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MAHARISHI FOUNDATION USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE VEDA CENTER, LLC, THOM KNOLES, and THE MEDITATION HOUSE, LLC, <br><br> Defendants. | Case No. 4:11-cv-00562 <br><br> **DEFENDANT THOM KNOLES' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** <br><br> **(Oral Argument Requested)** |

COMES NOW, Defendant Thom Knoles, by and through undersigned counsel, and pursuant to LR 7(d), hereby submits his Memorandum of Law in Support of Motion to Dismiss.

INTRODUCTION ........................................................................................................... 2
LEGAL STANDARDS ................................................................................................... 3
THE COMPLAINT ......................................................................................................... 4
ARGUMENT ................................................................................................................... 4
    I.    COUNTS I AND II (BREACH OF FIDUCIARY AND CONTRACTUAL DUTIES) SHOULD BE DISMISSED ...................... 4
        A.    The Contract And Fiduciary Duty Claims Should Be Dismissed On Statute Of Limitations Grounds ........................ 5
            1.    The Contract Claim Is Time-Barred .............................. 6
            2.    The Fiduciary Duty Claim Is Time-Barred ................... 7
        B.    Count I Fails To State A Claim For Breach Of Fiduciary Duty ............................................................................ 9
        C.    Count II Fails To State A Claim For Breach Of Contract ............................................................................... 11
    IV.    THE TRADEMARK CLAIMS AND IOWA-LAW CLAIMS BASED ON THE 2005 STATEMENT BY MR. KNOLES CONCERNING THE SCIENTIFIC STUDIES MUST BE DISMISSED ........................................................................................... 13

|     | A. | Introduction .................................................................... 13 |
|     | B. | The State-Law Claims Are Time-Barred ................................. 14 |
|     | C. | The Lanham Act & Iowa-Law Trademark Claims Based On The 2005 Statement Concerning Scientific Studies, And Exhibit G, Fail To State A Violation Of Trademark Law .................................................................... 14 |
| V.  | THE FALSE ADVERTISING CLAIMS UNDER THE LANHAM ACT AND FEDERAL LAW SHOULD BE DISMISSED ........................................................................... 16 |
| IV. | THE CLAIMS THAT THOM KNOLES HAS CONTRIBUTORY LIABILITY FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION AND TRADEMARK DILUTION CONDUCT BY THE MEDITATION HOUSE AND "THIRD PARTIES," SHOULD BE DISMISSED. .................... 16 |
| V.  | THE UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED ........................................................................... 18 |
| CONCLUSION ................................................................................... 18 |

## INTRODUCTION

On the face of the First Amended and Substituted Complaint (hereinafter "Complaint") Plaintiff's claims for breach of contract and breach of fiduciary duty against Defendant Thom Knoles must be dismissed on statute of limitations grounds. Alternatively, these claims should be dismissed because Plaintiff has not pleaded plausible claims of a fiduciary or contractual relationship between it and Mr. Knoles.

Further, the trademark and false advertising claims based on the reference, in 2005, to the scientific studies must be dismissed. They do not involve a use of Plaintiff's Mark and the allegation that they are false is contrary to the Complaint itself. The claims for trade dress infringement infringement and passing off also fail as a matter of law.

Finally, there are insufficient allegations in Plaintiff's Complaint to give rise to a plausible claim that Mr. Knoles is contributorily liable for conduct of The Meditation House or

one or more or all of the 40 teachers of Vedic Meditation. Therefore, all claims against Mr. Knoles should be dismissed except the false advertising claims in Paragraphs 46 and 47 of the Complaint concerning Mr. Knoles' relationship with Maharishi Mahesh Yogi.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," that must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* When faced with a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a pleading must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 556); *see also Young v. Wells Fargo & Co.*, 671 F. Supp. 2d 1006, 1017 (S.D. Iowa 2009) (quoting *Iqbal*). Facial plausibility requires a plaintiff to allege facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility in this context requires more than a mere possibility of illegal conduct. The plaintiff must allege facts that, when taken as true, would allow a court to conclude that the defendant is liable for the conduct alleged. Where the complaint alleges facts that are "merely consistent" with liability, then the plaintiff has failed to satisfy his burden in the case. *Twombly*, 550 U.S. at 557; *Iqbal*, 129 S. Ct. at 1949.

Courts may disregard those allegations in a complaint that are actually legal conclusions. *Iqbal*, 129 S. Ct. at 1949-1950; *see also Brown v. Medtronic, Inc.*, 628 F.3d 451, 459 (8th Cir. 2010) (court not required to accept plaintiff's legal conclusions in complaint when determining plausibility) (citing *Twombly*, 550 U.S. at 556). Once the legal conclusions have been filtered out of the complaint, courts must review the remaining allegations under the facial plausibility

standard. If a pleading cannot establish more than the mere possibility of misconduct, then dismissal is appropriate. *Id.*

When considering whether Plaintiffs have met this burden, the court may consider not only the text of the complaint, but matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. 5 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 1357 (3d ed.); *see also Noble Systems Corp. v. Alorcia Central, LLC*, 543 F.3d 978, 982 (8th Cir. 2008) (on motion to dismiss court may consider some public records, or materials necessarily embraced by the pleadings); *Brown*, 628 F.3d at 459-460 (documents attached to or incorporated in complaint can be considered "for all purposes," including plausibility). In this Memorandum of Law, Defendant Thom Knoles relies on materials attached to and embraced by the Complaint, and limited public records on file with government authorities.

## THE COMPLAINT

The summary of the Complaint as referred to in Paragraphs 1 - 20 of the Brief of Defendant The Meditation House, LLC, is referred to and relied on below.

## ARGUMENT

### I. COUNTS I AND II (BREACH OF FIDUCIARY AND CONTRACTUAL DUTIES) SHOULD BE DISMISSED

Plaintiff's claims for breach of contract and breach of fiduciary duty should be dismissed on statute of limitations grounds. Alternatively, these claims should be dismissed because Plaintiff has not pleaded plausible claims of a fiduciary or contractual relationship between it and Mr. Knoles.

The Complaint does not allege what substantive law applies to these claims, and in particular does not allege that Iowa law applies. However, such choice of law issues are not material to Thom Knoles' motion to dismiss these claims, as they fail, under the Fed. R. Civ. Proc. 8 and 12(b)(6) standards identified above, and Fed. R. Civ. Proc. 9(f), regardless of what substantive law applies.[1]

### A. The Contract And Fiduciary Duty Claims Should Be Dismissed On Statute Of Limitations Grounds

Fed. R. Civ. P 9(f) states that "an allegation of time or place is material when testing the sufficiency of a pleading." Pursuant to Fed. R. Civ. P. 9(f), where on the face of a claim action arose outside the limitations period, the claim is dismissed unless the Plaintiff has pleaded matters sufficient to avoid the bar of the statute of limitations. *See* 5 Wright & Miller, FEDERAL PRACTICE AND PROCEDURE, § 1308, at p. 695. As stated in *Kincheloe v. Farmer*, 214 F.2d 604 (7th Cir. 1954):

> Rule 9(f) provides: 'For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter. It has frequently been held that the reasons for 'averments of time and place' is to make ascertainable whether a cause of action is barred by the statute of limitations, and that where so shown a complaint is properly dismissed on motion." (citations omitted). . . Plaintiff by the allegations of his complaint erected the limitations bar and it was his duty in order to extricate himself therefrom to plead any exceptions on which he relied.

---

[1] Defendant does not concede that Iowa law applies to these claims, and in any event that is not alleged in the Complaint. According to the Complaint, the claimed fiduciary and contractual duties are said to have been created on December 22, 1972, by virtue of the one-page document (Exhibit C) attached to the Complaint. It recites that it was executed in Spain when Mr. Knoles was a "Permanent Resident" of "Australia." The Complaint alleges that for 25-years thereafter (from 1972 to 1997), Mr. Knoles taught Transcendental Meditation in Australia (apparently in compliance with the alleged duties) under or in association with organisations connected to the Plaintiff and associated with Maharishi Mahesh Yogi, and that, beginning in 1997 in Australia, and thereafter in the United States, Mr. Knoles breached the alleged contractual and fiduciary duties by teaching this type of meditation independently from such organizations, including the Plaintiff. (Complaint at ¶¶'s 32-42 & 57; Exhibit D; Exhibit E at ¶ 1).

*Id.* at 605. In *Hoover v. Langston Equip. Assocs., Inc.*, 958 F.2d 742, 744-45 (6th Cir. 1992), the plaintiff's claim was dismissed because the face of the complaint revealed that it arose outside the limitations period, and the plaintiff had not pleaded fraudulent concealment sufficient to avoid the limitations bar. *See also Varner v. Peterson Farms*, 371 F.3d 1011, 1020 (8th Cir. 2004) (affirming dismissal of complaint for failing to plead avoidance of limitations bar).

Here, assuming, arguendo, that from December 1972 Mr. Knoles owed contractual and fiduciary duties to the Plaintiff, the Complaint identifies that these claims arose over 15 years prior to the filing and service of this Complaint on Mr. Knoles (in February 2013), and therefore outside of any applicable limitations period. Further, no or insufficient facts have been pleaded to avoid the limitations bar.

### 1. The Contract Claim Is Time-Barred

In a breach of contract action, the plaintiff's cause of action accrues and the statute of limitations begins to run upon the defendant's failure to do the thing at the time and in the manner contracted. *Nettles v. American Tel. & Tel. Co.*, 55 F.3d 1358, 1363 (8th Cir. 1995).[2]

Plaintiff's Complaint alleges that this occurred in 1997, over 15 years ago. In particular, the Complaint alleges:

- The contractual obligations of Thom Knoles arose in 1972, when he was personally trained by Maharishi Mahesh Yogi in Spain to teach Transcendental Meditation. (¶¶'s 32-34). According to the Complaint, the alleged contract required Thom Knoles to teach Transcendental Meditation only in "SIMS", or organizations founded with the encouragement of Maharishi Mahesh Yogi. (Complaint at ¶¶'s 35-37, 91);

---

[2] If, which is not alleged (or conceded by Mr. Knoles), Iowa law were to apply, the same rule as to accrual of a contract claim would apply. *See Brown v. Ellison*, 304 N.W.2d 197, 200 (Iowa 1981) ("a cause of action on a contract accrues and the limitations period begins to run when the contract is breached, not when the damage results or is ascertained.") (citing 54 C.J.S. Limitations on Actions § 126 (1948)) (disapproved of on other grounds).

- During the 25-year period from 1972 – 1997, Thom Knoles complied with this alleged contract by teaching "Transcendental Meditation" with the approval and authorization of organizations, such as the Maharishi Vedic University and World Plan Executive Council Australia (WPECA) founded with the encouragement of the Maharishi Mahesh Yogi. (Complaint at ¶ 38; Knoles Affidavit at ¶¶'s 2-3);

- In 1997, Mr. Knoles' association with all such organizations ended, and he has since that time continued to teach this type of meditation independently and outside the framework of such organizations, using and disclosing the teaching methods and approach he learned from the Maharishi Mahesh Yogi, in breach of the alleged contract. (Complaint at ¶¶'s 39; 93-94; Knoles Affidavit at ¶¶'s 2-3);

- Plaintiff is a party to the contract, or alternatively a third-party beneficiary. Its connection with Mr. Knoles was severed in about 1997, when he began teaching "Transcendental Meditation" independently, using information received from Maharishi Mahesh Yogi, and Plaintiff has been damaged by that conduct. (Complaint at ¶¶'s 91-95, 57).

Since, on the face of the Complaint, Plaintiff's breach of contract claim accrued in 1997, Plaintiff did not file its Complaint and serve Mr. Knoles until February 2013— over 15 years later, and Plaintiff has not pleaded any or sufficient allegations to tolling of the statute of limitations on the breach of contract claim, Plaintiff's breach of contract claim is time-barred and must be dismissed as a matter of law.[3]

### 2. The Fiduciary Duty Claim Is Time-Barred

The Plaintiff alleges that, by virtue of Mr. Knoles receiving the above teacher training in 1972, Mr. Knoles has since that time been in a fiduciary relationship with the Plaintiff, and has since 1997 breach those fiduciary duties. (Complaint at ¶¶'s 82, 84 – 85 & 34 – 37). The

---

[3] If Iowa law applied the limitations period would be 10 years under Iowa Code § 614.1(5) (2012). Alternatively, if Australian law applied, the limitations period would be 6 years. *See, e.g.,* NSW Limitation Act, 1969, §14(1). It is not necessary to resolve such choice of law issues on this motion, since Plaintiff's claims are barred under any potentially applicable limitations period.

alleged breach of fiduciary duty is said to be the independent teaching by Mr. Knoles of this type of meditation, using the "confidential" information he received in December 1972 from Maharishi Mahesh Yogi. (Complaint at ¶'s 38 – 41).

Assuming, arguendo, that there was such a fiduciary relationship between the Plaintiff and Thom Knoles, according to the Complaint, Mr. Knoles first breached his fiduciary duties in 1997, when he ended his 25-year relationship with the organizations "encouraged" by Maharishi Mahesh Yogi to teaching and promote "Transcendental Meditation, and his connection with the Plaintiff. (Complaint at ¶'s 38-39, 57). According to the Complaint, this conduct involved Mr. Knoles working personally to profit from the teaching of Transcendental Meditation to him by Maharishi Mahesh Yogi in 1972 "at the expense of the Foundation and other organizations founded or encouraged by Maharishi Mahesh Yogi." (Complaint at ¶ 86). Moreover, according to the Foundation, these acts caused the Foundation damage. (Complaint at ¶ 88). However, neither the Plaintiff, nor any of the other myriad of entities which claim to promote the teaching of the alleged TM technique around the world, brought suit against Defendant Thom Knoles until February 2013—over 15 years later.

The Complaint also states that Plaintiff itself, and its lawyers, knew of such independent teaching by Mr. Knoles, both before and after 19 December 2005, by virtue of Mr. Knoles' website, www.thomknoles.com. (Complaint at ¶ 42 & Exhibit D). Further, Mr. Knoles' "online biography" (Exhibit G to the Complaint), is alleged to demonstrate "a calculated effort to associate himself and his teachings with the Foundation's services and to render the Transcendental Meditation mark generic" including by use on that website of the "name and likeness of Maharishi Mahesh Yogi," and the statement that "Mr. Knoles learned Vedic Meditation from Maharishi Mahesh Yogi". (Complaint at ¶'s 46-47 & Exhibit G).

On the face of the Complaint then, the alleged breach of fiduciary duty by Mr. Knoles commenced in 1997, and was known to the Plaintiff no later than 19 December 2005, when the Plaintiff send a demand letter (Exhibit D) to Mr. Knoles, who as stated in Exhibit D, was by then promoting his teaching of Vedic Meditation in the United States, in violation of the alleged fiduciary duty to Plaintiff.

The Complaint identifies an alleged breach of fiduciary far outside of any potentially applicable limitations period, and does not plead facts sufficient to avoid the limitations bar. Accordingly, Count II must be dismissed.

### B. Count I Fails To State A Claim For Breach Of Fiduciary Duty

Plaintiff's Complaint fails to include sufficient allegations to support the existence of a fiduciary relationship between the Plaintiff and Mr. Knoles.

A party may not sufficiently plead a fiduciary relationship based only on the conclusory allegation that one existed, and the failure to plead a sufficient factual basis for a fiduciary duty is an "insuperable bar" to an assertion of a breach-of-fiduciary duty claim. *See generally, Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995).[4]

Count I of the Complaint, for breach of fiduciary duty, incorporates all prior Paragraphs of the Complaint. In Paragraph 84, it then alleges that a fiduciary relationship was established and subsisted on or about December 22, 1972 between Knoles and "the Maharishi Mahesh Yogi." (Complaint at ¶ 85). This alleged fiduciary relationship is alleged also to have existed with the Plaintiff on the basis that it was "founded through the Maharishi Mahesh Yogi's overall organizational efforts." (Complaint at ¶ 85). This conclusory allegation is insufficient to state a claim for existence of such a fiduciary duty, for several reasons.

---

[4] If, it were to be determined that Iowa law applies to this claim, this general principle also exists under Iowa law. *Doe v. Hartz*, 52 F. Supp. 2d 1027, 1062-64 (N.D. Iowa 1999).

The law recognizes that certain special types of relationships give rise to fiduciary duties as a matter of law, such as attorney-client, guardian and ward, and principal and agent. *See* Black's Law Dictionary 564 (5th ed. 1979). A fiduciary relationship may also exist in special circumstances that include one party one party placing "peculiar confidence" and trust in another, the trusted party "undertakes to act primarily for another's benefit," and being in a relation of inequality or special disadvantage with the other. *Id. See also, Kent v United of Omaha Life Insur. Co.,* (8th Cir. 2007) (discussing South Dakota law).

The Complaint does not contain any or sufficient allegations of such a relationship arising in 1972 between the Plaintiff and Mr. Knoles. For example, it is not alleged that, in 1972, Mr. Knoles became a trustee of any property then owned by the Plaintiff, that the Plaintiff then was in a relationship at of special disability or disadvantage in any dealings with Mr. Knoles, or even that the Plaintiff in 1972 had any dealings or relationship with Mr. Knoles.

Significantly, it is not even alleged that the Plaintiff existed in December 1972, and it did not. The Complaint alleges, in Paragraph 1, that Plaintiff is a Massachusetts corporation. The public records of Plaintiff's incorporation in Massachusetts identify that it came into existence in 1993, *more than 20 years after the alleged creation of a fiduciary relationship between it and Mr. Knoles*. (*See* Exhibit A to this Brief). That of itself negates any possible claim that, in December 1972, a fiduciary relationship was created between the Plaintiff and Mr. Knoles. No other facts, after December 1972, are alleged as giving rise to, or that could give rise to, such a fiduciary duty.

The alleged 1972 "contract" (Complaint at Exhibit C), also could not have given rise to a fiduciary relationship between the Plaintiff and Mr. Knoles. The organizations referred to in Exhibit C are: "SIMS" or other organizations "founded by you" (which is a reference to

Maharishi Mahesh Yogi). However, the Complaint does not allege Plaintiff is the same organization as SIMS. It also does not allege facts that, if proven, could establish that Plaintiff was "founded by" the Maharishi Mahesh Yogi. It is not alleged that he was an initial officer, director or shareholder of the Plaintiff, or that he has ever held any such position or interest in the Plaintiff. It only is alleged that the Maharishi Mahesh Yogi "encouraged the founding of many organizations around the world to teach and promote the TM technique" (Complaint at ¶ 10), and that the Plaintiff "is an organization founded *through the Maharishi Mahesh Yogi's overall organizational efforts.*" (Complaint at ¶ 85) (emphasis added). Plaintiff never explains what this means, but regardless, such vague, unclear allegations cannot suffice to plead the existence of a fiduciary relationship between Plaintiff and Knoles.

According to the Complaint, Mr. Knoles has been in a fiduciary relationship for over 40 years with each of the many organizations around the world that have been founded, or that may in the future be founded, either with the "encouragement" of, or "through the overall organizational efforts of", Maharishi Mahesh Yogi relating to Transcendental Meditation, (which Maharish Mahesh Yogi is alleged to have developed "from the mid to late 1950s" onward, Complaint at ¶ 9). This fails to state a claim of a fiduciary relationship with any such organization, and with the Plaintiff in particular.

### C. Count II Fails To State A Claim For Breach Of Contract

Count II is based on alternative allegations, namely that Plaintiff entered into a contract (alleged to be the one-page document attached to the Complaint as Exhibit C) with Mr. Knoles in Spain in 1972, or that Plaintiff was a third-party beneficiary entitled to enforce that alleged contract. Neither set of allegations states a claim for the existence of contractual rights enforceable by the Plaintiff against Mr. Knoles.

First, the Complaint fails to sufficiently allege a contract between Mr. Knoles and the Plaintiff. The Complaint alleges that Knoles entered into a contract with the Maharishi Mahesh Yogi, in the form Exhibit C to the Complaint. (Complaint at ¶¶'s 35, 91). Assuming, arguendo, that the document attached as Exhibit C to the Complaint can even be considered a contract, it is only one between Mr. Knoles, and Maharishi Mahesh Yogi. No other persons are referred to as, or identified as, parties in Exhibit C. Exhibit C also is entitled "TO HIS HOLINESS MAHARISHI MAHESH YOGI,", and contains recitals and promissory statements by Mr. Knoles to Mahrishi Mahesh Yogi. Further, as noted above, Plaintiff could not have been a party to the alleged 1972 contract, since Plaintiff did not even exist in 1972.

The alternative basis for the contract claim is that Plaintiff is a third-party beneficiary of the alleged 1972 contract. (Complaint at ¶ 92). Under common law contract principles, for an entity to be made a third-party beneficiary of a contract there must be an indication of intent by the contracting parties to do so. *See*, Restatement (Second) of *Contracts*, § 302 (1979). Potential beneficiary status is judged at the time of the agreement. *JP Morgan Chase & Co. v. Conegie*, 492 F.3d 596, 600 (5th Cir. 2007). Moreover, to survive a motion to dismiss, a party must plead some facts, beyond conclusory allegations, of intent to confer third party beneficiary status upon it. *In re Houbigant, Inc.*, 914 F. Supp. 964, 986 (S.D.N.Y. 1995).

Plaintiff does not plead facts that, if proven, would establish such third-party beneficiary status. The document relied on for such status does not include the Plaintiff. As referred to above in relation to the fiduciary duty claim, the references in the document to an organization referred to as "SIMS," and to "other organizations founded by" Maharishi Mahesh Yogi, are not references to the Plaintiff. Thus, even if Exhibit C can be considered a contract, the allegations

in the Complaint are insufficient to support the claim that Plaintiff is a third party beneficiary entitled to enforce the alleged 1972 contract.

### IV. THE TRADEMARK CLAIMS AND IOWA-LAW CLAIMS BASED ON THE 2005 STATEMENT BY MR. KNOLES CONCERNING THE SCIENTIFIC STUDIES MUST BE DISMISSED

#### A. Introduction

The Complaint refers to a statement concerning scientific studies, made on and before 19 December 2005, on the website www.thomknoles.com. In particular, the Complaint alleges that this statement was objected to by lawyers for the Plaintiff in correspondence dated 19 December 2005 to Mr. Knoles. (Complaint at ¶ 42, & Exhibit D). The statement is alleged in Exhibit D to have been follows:

> 3) What does scientific research say about Vedic meditation?
>
> > Over 500 scientific studies conducted during the past 25 years at more than 200 independent universities and research institutes in 30 countries have shown that this meditation benefits every area of an individual's life: mind, body, behavior and environment.

The Complaint alleges that by this statement, Mr. Knoles engaged in false representations and unfair competition under the common law of Iowa, (Counts XI – XII), and trademark infringement, trademark dilution and unjust enrichment under Iowa trademark law (Counts XIII-XV, citing Iowa Code §548.112-113).

The Complaint, in Counts V, VI, VIII & X, also alleges that this statement constituted trademark infringement, unfair competition and trademark dilution under the Lanham Act (15 U.S.C.§ 1114, §1125(a)(1)(A) and §1125(c)).

For the reasons given below, all of these state-law claims must be dismissed on statute of limitations grounds, and the state-law-based and Lanham Act trademark claims must be dismissed for failure to state a claim.

### B. The State-Law Claims Are Time-Barred

According to the Complaint, these claims arose more than 7 years prior to the filing and service of the Complaint against Mr. Knoles (which occurred in February 2013). These claims are alleged to arise under Iowa law, which provides for a five-year limitations period. Iowa Code §614.1(4).

The Complaint does not allege any or sufficient facts to avoid the limitations bar for these claims. Accordingly, these claims must be dismissed pursuant to Fed. R. Civ. Proc. 9(f) and 12(b)(6), and the cases cited on pages 4-5 above.

### C. The Lanham Act & Iowa-Law Trademark Claims Based On The 2005 Statement Concerning Scientific Studies, And Exhibit G, Fail To State A Violation Of Trademark Law

It is a pre-requisite for a claim of trademark infringement, unfair competition or dilution under the Lanham Act, that the conduct complained-of involve a "use" of the Plaintiff's mark, or a colorable imitation thereof, in connection with the promotion of the Defendant's goods or services. *See, DaimlerChrysler AG v. Donald H. Bloom*; 315 F.3d 932 (8th Cir. 2003); *Luigino's Inc. v Stouffer Corp.*, 170 F.3d 827 (8th Cir. 1999); *Mid-State Aftermarket Body Parts, Inc. v. MQVP Inc.*, 361 F. Supp. 2d 896 (E.D. Ark 2005); *Nokota Horse Conservancy, Inc., Plaintiff, vs. David J. Bernhardt*, 666 F. Supp. 2d 1073 (D.N.D. 2009); *Northwest Airlines, Inc v. Michael Bauer*, 467 F. Supp. 2d 957 (D.N.D. 2006); *see also Sensient Technologies Corporation v. SensoryEffects Flavor Co.*, 613 F.3d 754 (8th Cir. 2010) (assuming without deciding that trademark use is a pre-requisite to a trademark infringement or unfair competition claim).

The above 2005 statement concerning scientific studies does not involve such a "use," and accordingly Plaintiff has failed to state a claim that it breaches these trademark provisions of the Lanham Act.

Plaintiff also alleges that Mr. Knoles' on-line biography (attached as Exhibit G to the Complaint) infringes and dilutes Plaintiff's Mark and involves unfair competition under the Lanham Act, and violates Iowa trademark law. (Complaint at ¶¶'s 46 – 47 & Exhibit G & Counts V, VI, VIII, X, XIII-XV).

However, Exhibit G does not contain any "use" of Plaintiff's Mark. Because a "use" of Plaintiff's Mark is a pre-requisite for these Lanham Act and state-law trademark claims, Plaintiff's claims that Exhibit G violates trademark law also fail to state a claim.

The Iowa Code sections creating a cause of action for trademark infringement and dilution, contain the same requirement of a "use" of the Plaintiff's Mark, and accordingly the above statement on www.thomknoles.com concerning the scientific studies, and the allegations concerning Mr. Knoles on-line biography (Exhibit G), also fail to state a claim for trademark infringement or dilution (or unjust enrichment) under Iowa trademark law.

In summary, other than the 2005 reference to scientific studies, and Exhibit G, the only conduct alleged by Plaintiff for its federal and state-law trademark claims against Mr. Knoles that involves a "use" of the Plaintiff's Mark, at least arguably, to promote Vedic Meditation is: (i) that up to 2005, Mr. Knoles (on his website) and more generally used the terms "transcendental meditation," (Complaint at ¶¶'s 42 & Exhibit E); and (ii) and that Mr. Knoles "readily tells his students that Vedic Meditation is "the same type of meditation with the same origins" as the type of meditation taught by the Foundation and its licensees and known widely as the Transcendental Meditation technique." (Complaint at ¶ 48). These allegations at least

-15-

meet the minimum requirement of an alleged use of Plaintiff's Mark or a colorable imitation of it, and are not included within this Motion to Dismiss. However, as a matter of law, the claims of trademark infringement based on the 2005 website references to scientific studies, and Exhibit G, fail to state such a trademark claim, and those claims should be dismissed.

### V. THE FALSE ADVERTISING CLAIMS UNDER THE LANHAM ACT AND FEDERAL LAW SHOULD BE DISMISSED

The Complaint makes the same allegation against Mr. Knoles, as against Defendant The Meditation House, concerning references to the scientific studies to promote Vedic Meditation. In particular, it is alleged that Mr. Knoles reference, in 2005, "to over 500 scientific studies conducted over the last 25 years", involves false or misleading advertising under the Lanham Act and state law. The Complaint fails to state a claim, or plausible claim, for false advertising, for the reasons stated in the Brief of Defendant The Meditation House (at pp. 16-20), which are incorporated herein by reference.

### IV. THE CLAIMS THAT THOM KNOLES HAS CONTRIBUTORY LIABILITY FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNFAIR COMPETITION AND TRADEMARK DILUTION CONDUCT BY THE MEDITATION HOUSE AND "THIRD PARTIES," SHOULD BE DISMISSED.

The Complaint contains a conclusory claim that Thom Knoles has contributory liability under the Lanham Act for conduct by The Meditation House, and unnamed "third parties" for trademark infringement, false designation of origin, unfair competition, trademark dilution, trade dress infringement, passing-off and false advertising. (Complaint at Counts IV, VII & VIII). In *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, the Supreme Court described the requirements for a claim of contributory liability under the Lanham Act as follows:

> As the lower courts correctly discerned, liability for trademark infringement can extend beyond those who actually mislabel goods with the mark of another. Even if a manufacturer does not directly

> control others in the chain of distribution, *854 it can be held responsible for their infringing activities under certain circumstances. Thus, if a manufacturer or distributor intentionally induces another to infringe a trademark, or if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, the manufacturer or distributor is contributorily responsible for any harm done as a result of the deceit. 13 *See* William R. Warner & Co. v. Eli Lilly & Co., supra; *Coca-Cola Co. v. Snow Crest Beverages, Inc., supra.*

*Inwood*, 456 U.S. 844, 853-854 (1982). No specific allegations of such conduct by Thom Knoles are contained in the Complaint, or are there allegations from which such contributory liability on his part could reasonably be inferred. All that is alleged in the Complaint is that, since 2005, Mr. Knoles has taught about 40 persons to teach Vedic Meditation.

The contributory liability claims against Thom Knoles also fail in relation to alleged conduct in violation of the Lanham Act by Defendant The Meditation House, as no "use" of Plaintiff's Mark by it is alleged at all in the Complaint, and the Complaint does not contain sufficient or plausible trademark, trade dress, passing off or false advertising allegations against it. *See*, Brief of The Meditation House in Support of Motion to Dismiss, at pp. 9-19.

These Counts also indicate that the claimed of use by one or more or all of these 40 "third persons" of the Mark that is claimed to have been induced by Thom Knoles is a reference to the scientific studies (Complaint at ¶¶'s 104, 118, 129). However, as is shown by the claims against The Meditation House, and the references alleged in the Complaint in December 2005 on Mr. Knoles' website to the scientific studies, (Exhibit D), such a reference does not itself involve any such "use" of Plaintiff's Mark.

The other "third parties" for whom Thom Knoles is alleged to be contributorily liable, also are not identified either adequately or at all, nor is conduct by Thom Knoles inducing them to use the Plaintiff's Mark. Plaintiff makes only a conclusory allegation that Thom Knoles

induced one or more or all of the approximately 40 Vedic Meditation teachers trained by him since 2005 (Complaint at Exhibit E at ¶ 4) to use Plaintiff's Mark in violation of trademark law, and engage in false advertising. There are no allegations as to Mr. Knoles' power to direct any such persons, or of inducing any conduct by any of them. Accordingly, these claims fail to state a claim or give Mr. Knoles fair or adequate notice of the claims against him for such contributory liability.

V. **THE UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED**

Count XV of the Complaint sets forth a claim for unjust enrichment based on Iowa trademark law (Iowa Code §548.113). Since the trademark claims fail, so too must this claim. In any event, the premise of this claim is that "Defendants' acts constitute unjust enrichment of the Defendants at the expense of the Foundation." (Complaint at ¶ 160). However, as shown herein, Plaintiff's Complaint fails to sufficiently allege any claims against Thom Knoles that meet this criteria. Thus, because Plaintiff has not alleged any unjust conduct by Defendant Thom Knoles at the expense of Plaintiff, this claim must be dismissed.

## CONCLUSION

For the above reasons, Defendant's Motion to dismiss all claims against Defendant Thom Knoles, except the false advertising claims in Paragraphs 46 and 47 of the Complaint concerning Mr. Knoles' relationship with Maharishi Mahesh Yogi and certain allegations of trademark use, should be granted.

BRADSHAW, FOWLER, PROCTOR &
FAIRGRAVE, P.C.

By: _____/s/ Todd A. Strother_____
Todd A. Strother  AT0007650
Timothy N. Lillwitz  AT0008904
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004
Tel:   (515) 243-4191
Fax:   (515) 246-5808
E-Mail: strother.todd@bradshawlaw.com
E-Mail: lillwitz.timothy@bradshawlaw.com

By: _____/s/ Eric M. Braun_____
Eric M. Braun, NY State Bar No. 2331890
Level 34, 50 Bridge Street
Sydney, NSW, Australia
Telephone:  (+61 419 208 276)
E-mail:  ericbraun@emblegal.com
(Admitted Pro Hac Vice)

ATTORNEYS FOR DEFENDANT THOM KNOLES

Original filed

Copy to:

Mark Zaiger
Jason Sytsma
Shuttleworth & Ingersoll, P.L.C.
500 Firstar Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE
The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the 11th day of March, 2013 by:
☐ U.S. Mail          ☐ FAX
☐ Hand Delivered    ☐ UPS
☐ Federal Express   ☒ Other: EM/ECF

_____/s/ Lori O'Connor_____