N THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| MAHARISHI FOUNDATION<br>USA, INC. | ) <br> ) <br> ) | No. 4:11-cv-562 |
| Plaintiff, | ) <br> ) | |
| vs. | ) <br> ) | BRIEF IN SUPPORT OF<br>CONSOLIDATED RESISTANCE |
| THE VEDA CENTER, LLC,<br>THOMAS KNOLES, AND THE<br>MEDITATION HOUSE, LLC | ) <br> ) <br> ) <br> ) | TO DEFENDANTS' MOTIONS<br>TO DISMISS<br>AND REQUEST FOR ORAL ARGUMENT |
| Defendants. | ) <br> ) | |

## TABLE OF CONTENTS

PRELIMINARY STATEMENT........................................................................1

ALLEGATIONS OF AMENDED COMPLAINT ..........................................1

    I.  Foundation and Its Mark................................................................1

    II.  Wrongful Conduct of Knoles, Veda Center and Meditation House..........2

FOUNDATION'S CLAIMS & DEFENDANTS' MOTIONS TO DISMISS ....................5

STANDARD OF REVIEW .......................................................................5

ANALYSIS...........................................................................................7

    I.  Stipulation to Dismiss Breach of Fiduciary Duty Claim..............................7

    II.  The Defendants Are Not Entitled to Dismissal of Any Other Claims........7

        A.  Breach of Contract.........................................................7
        B.  Trademark Infringement, Dilution and Unfair Competition..........10
        C.  False Advertising ........................................................15
        D.  Trade Dressing and Passing Off .....................................17
        E.  Contributory Liability of Knoles & Veda Center ...........................18

CONCLUSION....................................................................................20

## PRELIMINARY STATEMENT

Plaintiff Maharishi Foundation USA, Inc. ("Foundation"), submits this brief pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure ("Federal Rules") and Local Rule 7(e), in resistance to the motions to dismiss filed by the Defendants, the Veda Center, LLC ("Veda Center"), Thomas Knoles ("Knoles"), and the Meditation House, LLC ("Meditation House").

## ALLEGATIONS OF AMENDED COMPLAINT

### I.      Foundation and Its Mark

In the mid to late 1950s, Maharishi Mahesh Yogi developed a precise, intensive system for teaching and advancing the Transcendental Meditation® technique (also known as TM®) in a carefully supervised, controlled, consistently reproducible manner. Amended Complaint ¶9, 11-16.

The Foundation is a non-profit educational organization that promotes and provides TM instruction and support through approved, certified instructors. *Id.* ¶7. TM instructors are required to complete an extensive and rigorous course of instruction and engage in continuing training. *Id.* ¶¶ 17-18, 20. The Foundation authorizes instructors who complete and continue the requisite training to teach TM under the TM trademark in the United States. *Id.* ¶19. In the past five decades, approximately one million people have learned TM from certified TM instructors at one of the more than one hundred TM centers within the United States. *Id.* ¶ 8. The Foundation utilizes comprehensive quality control procedures to ensure that TM is taught in a consistent

manner throughout the United States and the world. *Id.* ¶ 22. Such procedures are an integral component of the national and international TM brand. *Id.*

The Foundation also encourages and assists scientific research into the health benefits of TM. *Id.* ¶7. The specific TM technique has been the subject of more than 600 scientific studies conducted at 250 universities and medical schools in 33 countries. *Id.* ¶ 23. These scientific studies have verified a wide range of health and other benefits from the TM technique, including reduction in stress, lower blood pressure, and improved blood glucose and insulin levels. *Id.*

Transcendental Meditation technique is a proprietary form of meditation taught by the Foundation and its authorized licensees. *Id.* ¶56. The Foundation is the exclusive licensee of the TM service mark and has the sole right to enforce the mark. *Id.* ¶¶ 25-30 and at Ex. A. The TM service mark is highly distinctive, identifying educational services emanating only from the Foundation and symbolizing and embodying valuable goodwill. *Id.* As a result of the extensive promotion and advertising of the services under the Transcendental Meditation service mark, the Transcendental Meditation mark has become well-known and widely recognized and respected by the relevant public and in the medical field. *Id.* The Foundation's Transcendental Meditation service mark is famous in the United States, in Iowa, and throughout the world. *Id.*

## II.     Wrongful Conduct of Knoles, Veda Center and Meditation House

In 1970, Knoles learned TM from Robert Cranston, an authorized TM instructor. *Id.* ¶32.

In 1972, Knoles himself became an authorized TM instructor. *Id.* ¶34. At that time, Knoles entered into a teacher-training agreement, wherein he acknowledged that he had no prior knowledge of TM and that the TM system and training were secret and unique, and promised to restrict his instruction and use of the TM teaching and meditation techniques to when he was working with the permission and under the supervision of unauthorized organizations. *Id.* ¶¶35-37 and at Ex. C.

Knoles lived and taught TM in Australia in association with an approved organization until 1997. *Id.* ¶38. Knoles remained in Australia and taught some form of meditation technique for several years. *Id.* ¶39. Knoles later expanded his teaching services to the United States and started training and employing others to teach his meditation technique. *Id.* ¶40.

Knoles currently owns, operates and controls the Veda Center, which he uses to promote, advertise, and sell his meditation services throughout the United States. *Id.* ¶31.

Some time around 2005, the Foundation became aware that Knoles and the Veda Center were infringing upon the Foundation's service mark and sent him a demand letter on December 19, 2005. *Id.* ¶42 and at Ex. D. The Foundation also learned that Knoles was making false representations regarding his training and association with Transcendental Meditation. Knoles admitted in an affidavit to using the Transcendental Meditation trademark before 2005 to refer to the type of meditation he taught. *Id.* ¶ 42and at Ex. E.

Knoles responded to the Foundation's demand letter in 2005 by stating that he would completely dissociate his teachings from the Foundation and correct his website. *Id.* ¶43-44 and at Ex. F.

The Meditation House brings Vedic Mediation teachers trained by Knoles in California to Iowa to provide instruction to students of the Meditation House. ¶54.

Prior to filing this action, the Foundation learned that despite Knoles' agreement to disassociate his services with those offered by the Foundation, Knoles and his affiliate the Meditation House, continue to:

- base their meditation teachings, services and practices on the Transcendental Meditation technique

- associate themselves and their teachings, services and practices with the Foundation's service, technique and mark

- attempt to render the Transcendental Meditation mark generic

- use and infringe upon the Transcendental Meditation and TM marks on their websites and in Knoles' online biography

- make false claims and representations about their credentials, training, qualifications and association with respect to TM

- falsely represent and suggest that the generic concept of "Vedic Meditation" is the same as TM

- falsely attribute the medical and scientific findings regarding the health benefits of TM to "Vedic Meditation"

- appropriate the valuable goodwill associated with the Foundation's brand for their own commercial gain

- use the Transcendental Meditation service mark in its advertising, promotion and sales

*Id.* ¶¶40-72 and at Ex. G.

## FOUNDATION'S CLAIMS & DEFENDANTS' MOTIONS TO DISMISS

On November 28, 2011, the Foundation commenced this action against the Meditation House. Complaint. Following Knoles' motion requesting either that he be named as a defendant or the case be dismissed, the Foundation filed a 32-page, 160-paragraph Amended Complaint (exclusive of supporting exhibits) on February 7, 2013. Amended Complaint. After describing the Defendants' wrongdoing and bases for liability, the Foundation asserts the bases for its state claims for breach of fiduciary duty and contract against Knoles, as well as its state and federal claims for false advertising, trademark infringement and dilution, unfair competition, and false designation of origin and passing off against all Defendants. Amended Complaint.

Knoles and the Veda Center have filed motions to dismiss, claiming that the breach of contract and fiduciary duty claims against Knoles are barred as untimely and that the Foundation has failed to state a claim against them, except with respect false advertising and "certain allegations of trademark use." Knoles and Veda Center MTDs. The Meditation House has filed a motion to dismiss all claims against it for an alleged failure to state a claim. Meditation House MTD.

## STANDARDS OF REVIEW

In addressing the Defendants' motions to dismiss under Federal Rule 12(b)(6), the Court "is constrained by a stringent standard." *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir.1982) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). The Amended Complaint must be liberally construed in the light most favorable to the Foundation and its allegations must be taken as true. *Id.*; *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A

cause of action should not be dismissed for failure to state a claim unless it appears beyond doubt that the Foundation can prove no set of facts in support of its claim, which would entitle it to relief. *Fusco*, 676 F.2d at 334; *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir.1986).

A dismissal under Rule 12(b)(6) should be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Fusco*, 676 F.2d at 334 (citing *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir.1978)). "[A] court should grant the motion and dismiss the action 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Handeen v. Lemaire*, 112 F.3d 1339, 1347 (8th Cir. 1997)(quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). A complaint should not be dismissed merely because the court doubts that a plaintiff will be able to prove all the necessary factual allegations. *Krentz v. Robinson*, 228 F.3d 897, 905 (8th Cir. 2000)(internal citations and quotation marks omitted).

The Unite Supreme Court has described the test as follows:

> When a federal court reviews the sufficiency of a complaint, before the reception of any evidence either by affidavit or admissions, its task is necessarily a limited one. The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Moreover, it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader.

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

## ANALYSIS

**I. STIPULATION TO DISMISS BREACH OF FIDUCIARY DUTY CLAIM**

The Foundation will stipulate to the dismissal of its claim for breach of fiduciary duty against Knoles set forth in Count I of its Amended Petition.

**II. THE DEFENDANTS ARE NOT ENTITLED TO DISMISSAL OF ANY OTHER CLAIM ASSERTED IN THE AMENDED COMPLAINT**

**A. Breach of Contract**

**1. The Foundation's Contract Claim Cannot be Dismissed on Statute of Limitations Grounds**

A cause of action founded upon a written contract must generally be brought within ten years of the defendant's breach. *See* Iowa Code § 614.1(5); *Hamm v. Allied Mut. Ins.Co.*, 612 N.W.2d 775 (Iowa 2000)(citing *Diggan v. Cycle Sat, Inc.*, 576 N.W.2d 99, 102 (Iowa 1998)). However, Iowa's discovery rules prevents the statute of limitations from starting to run until the plaintiff knows, or should have known through the exercise of reasonable diligence, of the injury sustained. *John Q. Hammonds Hotels, Inc. v. Acorn Windows Sytems, Inc.*, 394 F.3d 607, 610 (8th Cir. )(citing *Franzen v. Deere & Co.*, 377 N.W.2d 660, 662 (Iowa 1985) and *Brown v. Ellison,* 304 N.W.2d 197, 200 (Iowa 1981)). When Iowa's discovery rule applies, the limitations period begins when a party is on "inquiry notice," which means that a party is charged with knowing "what a reasonable investigation would have disclosed." *Id.* (quoting *Franzen,* 377 N.W.2d at 662). Moreover, the limitations period may be tolled under Iowa law under the doctrine of fraudulent concealment. *See, e.g.*, *Grove v. Principal Mutual Life Ins. Co.*, 14 F.Supp.2d 1101, 1105 (S.D. Iowa 1998).

Here, Knoles claims that the Amended Complaint alleges that the breach of contract occurred in 1997. Knoles MTD at 7. That is inaccurate. The Amended Complaint alleges that Knoles disassociated from a TM organization in Australia in 1997, and that he continued teaching some form of mediation in Australia and the United States after that time. Amended Complaint ¶¶38-40. The Foundation does not know, and through the course of discovery hopes to learn, when Knoles first breached his agreement by appropriating the TM technique for his own use and outside authorized TM organizations. In that connection, the Amended Complaint specifies that on December 19, 2005, the Foundation sent Knoles a demand letter after becoming aware that Knoles and the Veda Center were infringing upon the Foundation's service mark and making false representations regarding his training and association with Transcendental Meditation. *Id.* ¶42 and at Ex. D. The Amended Complaint further describes Knoles' response to the Foundation's demand letter in 2005, which stated that he would completely dissociate his teachings from the Foundation and correct his website. *Id.* ¶43-44 and at Ex. F.

Thus, the Amended Complaint alleges that some time before December 2005 the Foundation learned of Knoles' breach and sent him a demand letter. The Foundation clearly could establish a set of facts that would establish that Knoles' breach did not occur, or that the Foundation was not reasonably aware of Knoles' breach, until some time after February 7, 2003, or ten years before the filing of the Amended Complaint. *See* Iowa Code §614.1(5); *Hammond Hotels.*, 394 F.3d at 610. Therefore, Knoles is not entitled to dismissal of the claim. *See Fusco*, 676 F.2d at 334. In addition, the Foundation

could establish that Knoles' fiduciary duty coupled with his affirmative act in responding to the Foundation's 2005 letter tolled the limitations period until such time as the Foundation could be expected through the exercise of due diligence to have discovered Knoles' continued breach. *See, e.g.*, *Grove*, 14 F.Supp.2d at 1105.

### 2. The Foundation Has Stated a Claim for Breach of Contract

Knoles incorrectly claims the Amended Complaint fails to state a claim for breach of contract. Knoles MTD at 11-12. The Amended Complaint states that Knoles entered into a contract with the Maharishi Mahesh Yogi on December 22, 1972, a copy of which was attached. Amended Complaint ¶34-37 and at Ex. C. The Foundation alleges that Knoles breached the contract by disclosing confidential information and using the TM technique outside of the organizations founded or encouraged by Maharishi Mahesh Yogi. *Id*. at ¶¶ 93-95. The Foundation alleges that Knoles either entered into that contract with organizations created to teach the TM technique, including the Foundation, or that the Foundation is an intended beneficiary of the contract. *Id*. at ¶¶ 91-92.

The Foundation could certainly establish a set of facts that would give rise to liability for breach of contract, and Knoles therefore is not entitled to dismissal. *See Fusco*, 676 F.2d at 334. In that connection, Knoles' claim that the Foundation has insufficiently pled that the Foundation was an intended beneficiary of the contract ignores the plain language of the Amended Complaint which states – "Alternatively, the Foundation . . . was and is an intended beneficiary of the contract between Maharishi Mahesh Yogi and the organizations he founded and Defendant Thomas

Knoles." Amended Complaint at ¶92. The fact that Knoles disagrees with that allegation is an issue he is free to explore in defending the Foundation's contract claim.

**B.     Trademark Infringement, Dilution and Unfair Competition**

Defendants move to dismiss the Foundation's federal and state law claims of trademark infringement and dilution and unfair competition, arguing that they did not "use" the Transcendental Meditation service mark in commerce. The allegations in the Amended Complaint – as well as the Defendants' concessions in their motions to dismiss - demonstrate more than a sufficient use of the mark to allow the Foundation to continue to prosecute these claims.

The test for trademark infringement is whether the Defendants' use of the mark so resembles the Transcendental Meditation trademark that its use is "likely to cause confusion, or to cause mistake, or to deceive." *SquirtCo. v. Seven-Up Co.*, 628 F.2d 1086, 1090-91 (8th Cir. 1980)(quoting the Lanham Trademark Act, 15 U.S.C. §§ 1114(1), 1127). A court will weigh several relevant factors in deciding whether a likelihood of confusion exists, including:

a)    the strength of the trademark;
b)    the similarity between the parties' marks;
c)    the competitive proximity of the parties' products;
d)    the alleged infringer's intent to confuse or "pass off" its goods or services as those of the trade mark owner;
e)    incidents of actual confusion; and
f)    the type of product or services, its cost, and the conditions of purchase are important factors in considering whether the degree of care exercised by the purchaser can eliminate the likelihood of confusion which would otherwise exist.

*Id*. at 1091; *Duluth News*–Tribune v. Mesabi Publ'g, Inc., 84 F.3d 1093, 1096 (8th Cir. 1996). "These factors do not operate in a mathematically precise formula" and the determinative issue ultimately is whether a reasonable jury could find a likelihood of confusion." *Id.* Thus, while a requirement of a trademark use may be implicit in the requirement that there be a likelihood of confusion for infringement to occur, "trademark use" is not a separate element, but is only one aspect of the likelihood of confusion requirement. 4 *McCarthy on Trademarks and Unfair Competition* §23:11.50. Nevertheless, there is considerable trademark use by all the Defendants to support the Foundation's claims.

The Amended Complaint sets forth several allegations regarding the Defendants' use of the Transcendental Medication mark, including:

- Knoles concedes that he used the Transcendental Meditation trademark to refer to his service before 2005. Amended Complaint ¶42 and at E ¶3 ("until about 2005, I generally used the words 'transcendental meditation' to refer to this type of meditation").

- Knoles' and the Vedic Center's use of the Foundation's service mark on the website at www.thomknoles.com. *Id.* ¶42 and at Ex. D.

- The Defendants continue to tell their students that their meditation technique is the same as the Foundation's Transcendental Meditation technique. *Id.* ¶ 48.

- Jules Green, the owner of the Meditation House and a customer of Knoles and the Veda Center, admitted under oath that Knoles told her that the type of meditation he teaches is the same as Transcendental Meditation, and has been referred to by him by the terms "Transcendental Meditation." *Id.*

- The Meditation House, encouraged by representations by Knoles and the Veda Center, represents to its customers that the Vedic Meditation

technique "is the same type of meditation instruction by the Foundation with the same scientifically proven health benefits." *Id.*¶49.

- Meditation House also cites to scientific studies on the Transcendental Meditation technique in an attempt to pass off that Vedic Meditation has been proven to reduce the risk of heart disease and normalize blood pressure. *Id.* ¶¶ 23, 52.

- The Meditation House hosts Vedic Meditation teachers who were trained by Knoles and the Veda Center, for the purpose of providing instruction to The Meditation House's customers, and these teachers claim to teach the same type of meditation instruction taught by the Foundation with the same scientifically proven health benefits. *Id.* ¶¶ 54-55.

In connection the Defendants' use of the mark, the "disclaimer" on each of their websites is particularly telling and further illustrates their trademark use. The disclaimer refers to the Foundation's federally registered and incontestable trademark generically and descriptively in lower case letters with a definition of the individual words from Webster's Dictionary. *Id.* ¶ 44, 75 and at Ex. H. This is intended to lead the general public to believe that the Transcendental Meditation trademark is referring to a genus of services in an effort to destroy the trademark's origin-identifying function. *Id.* ¶ 75.

The disclaimer, which purports to disclaim any association with the Foundation and its Transcendental Meditation trademark, is, in fact, a calculated effort by Defendants to escape liability of infringement. The mere presence of a disclaimer does not necessarily prevent consumer confusion. *Anheuser-Busch, Inc. v. Balducci Publications*, 28 F.3d 769, 774 (8th Cir. 1994)(noting that obscure disclaimer was insufficient to quell confusion); *Conopco, Inc. v. May Dep't Stores Co.*, 784 F. Supp. 648, 683 (E.D. Mo. 1992). The Defendants' representations to the general public that the Vedic Meditation "is the

same type of meditation instruction by the Foundation" (Amended Complaint ¶ 49), belie their statements that the disclaimer is proof that they are trying not to infringe or otherwise pass off their services as those offered by the Plaintiff. Veda Center's MTD at 8; Meditation House's MTD at 11. The disclaimer is merely an acknowledgement that the Defendants' advertising practices are likely to cause confusion among consumers, rather than a good-faith attempt to preempt any confusion. *Conopco, Inc.*, 784 F. Supp. at 683; *Pebble Beach Co. v. Tour 18 I*, 942 F. Supp. 1513, 1550-51 n. 35 (S.D. Tx 1996)(viewing disclaimer as a tacit admission that confusion is likely).

Knoles singles out two allegations of the Defendants' uses and then urges this Court to view them in a vacuum, separate, from context and the totality of the Defendants' marketing materials, and to find that the statements in and of themselves are non-infringing. Knoles MTD at 15 (requesting the Court to dismiss the infringement claims based on "2005 website reference" and Ex. G). This argument ignores the manner in which courts conduct the likelihood of confusion analysis. "[T]he Lanham Act requires a court to analyze the similarity of the products in light of the way in which the marks are actually displayed in their purchasing context." *Louis Vuitton Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, 538 (2nd Cir. 2005). In this regard, all the Defendants' statements are relevant to the "market context." *Id.* (a side-by-side "simultaneous viewing by consumers" is not relevant when it is "serial viewing that is at issue given the market context.").

It is contrary to the likelihood of confusion analysis to disregard the 2005 website reference and Exhibit G because these statements are relevant to the context in which

Knoles uses the Transcendental Meditation trademark. All of the Defendants'
statements are relevant to whether their use of the Transcendental Meditation
trademark is likely to cause confusion, or to cause mistake, or to deceive.

The Lanham Act also protects owners of famous marks from dilution by
blurring, which occurs from an "association arising from the similarity between a mark
or trade name and a famous mark that impairs the distinctiveness of the famous mark."
15 U.S.C. § 1125(c)(2)(B). Blurring can occur even in the "absence of actual or likely
confusion, of competition, or of actual economic injury." 15 U.S.C. § 1125(c)(1). The
Transcendental Meditation trademark is famous. Amended Complaint ¶30. Defendants
are referring to their services with an identical mark and using it in a generic sense to
dilute the distinctive quality and erode the source identifying function of the famous
Transcendental Meditation trademark.

The Defendants further urge the Court to dismiss these claims based on an
alleged misuse of trademark law to monopolize a form of meditation. The Meditation
House's MTD at 14-15. The Foundation only contends that it is unlawful to
misrepresent or to confuse, mistake, or deceive as to the source, identity or sponsorship
of Defendants' services. *SquirtCo.*, 628 F.2d at 1090-91. The Foundation has alleged, as
indicated above, sufficient use of the Transcendental Meditation trademark and that
such use is likely to cause confusion to support its claims.

Thus, the Amended Complaint sets forth several allegations of the Defendants'
use of the Foundation's protected mark and resulting confusion, which, if established,
could allow the Foundation to recover based on its infringement, dilution and unfair

competition claims. Dismissal of these claims would therefore be inappropriate. *See Fusco*, 676 F.2d at 334.

### C.    False Advertising

Defendants move the Court to dismiss the Foundation's false advertising and false representation claims, arguing they did not make false or misleading statements. The Meditation House, more specifically claims that "there are no express statements … on The Meditation House website" to support such claims. Meditation House MTD at 16. Contrary to the Defendants' statements, there are sufficient allegations of false and misleading statements by each of the Defendants in the Amended Complaint to allow the Foundation to prosecute its false advertising claims.

The Meditation House represents that "[a]ccording to scientific studies conducted at over 200 research institutes and universities, a few minutes of Vedic Meditation each day promotes a wide range of health benefits . . . ." Amended Complaint ¶51 and Ex. H. The Meditation House goes on to claim that the Vedic Meditation "reduce[s] the risk of heart disease" and "normaliz[es] blood pressure." Amended Complaint ¶ 52 and Ex. I. Knoles similarly claimed on his website that there are over 500 scientific research studies in the Vedic Meditation technique. Amended Complaint ¶ 42 and at Ex. D.

The false statements to support a false advertising claim generally fall into two categories:

1)    commercial claims that are literally false as a factual matter; and

2) claims that may be literally true or ambiguous but, which implicitly convey a false impression, are misleading in context, or likely to deceive consumers.

*United Industries Co. v. The Clorox Co.*, 140 F. 3d 1175, 1180-82 (8th Cir. 1998). The representations by Knoles and the Meditation House are literal and express representations about their own services. Specifically, these representations are unambiguous literal representations that there is scientific research and published studies of Vedic Mediation and that this research shows Vedic Meditation reduces the risk of heart disease or normalizes blood pressure. The Foundation alleges that these representations are literally false as a factual matter. At a minimum, they create a false impression, are misleading and likely to deceive.

False comparative advertising, which is distinguished from misrepresentation of one's own products, is another form false advertising. *See United Industries Co.*, 140 F. 3d at 1181-82. There are two types of comparative advertising claims brought under the Lanham Act:

1) bald assertions (e. g., "My product is better than yours"); and

2) assertions supported by testing (e. g., "Tests prove my product is better than yours").

*EFCO Corp. v. Symons Corp.*, 219 F.3d 734, 739 (8th Cir. 2000)(citing *United Industries Co.*, 140 F. 3d at 1181-82). A claim that products are compatible or interchangeable is a bald assertion, which, if false, can give rise to a cause of action. *Id.* (finding liability for falsely claiming products were compatible and interchangeable).

Defendants assert that their Vedic Meditation technique is equivalent to the Foundation's Transcendental Meditation technique, implying interchangeability by requiring instruction in the Transcendental Meditation technique as a prerequisite to *Exploring the Veda* instruction as provided by Knoles. Amended Complaint ¶¶ 49, 55 and at Ex. D ¶ 3. These statements also include an implicit representation that equivalency is proven by scientifically conducted tests. The Amended Complaint alleges, however, many factors that distinguish the Foundation's services from the Defendants' services. Amended Complaint ¶ 61. The Foundation could prove, based on its allegations, that the Defendants' statements constitute a false equivalency between the respective services, and an implicit representation that tests prove that the respective meditation techniques are equivalent. The Defendants' motion to dismiss the Foundation's false advertising and false representations claims must therefore be denied.

### D. Trade Dress Infringement and Passing Off

Even though the allegations in the Amended Complaint support the Foundation's federal and state claims of trade dress infringement and passing off, the Defendants ask the Court to dismiss these claims.

"Trade dress involves the total image of a product and may include features such as size, shape, color or color combinations, texture, graphics, or even particular sales techniques." *John H. Harland Co. v. Clarke Checks, Inc.* 711 F.2d 966, 219 (11th Cir. 1983)(quoted with approval in *Two Pesos v. Taco Cabana*, 505 U.S. 763, 764 n. 1 (1992)). The concept of trade dress is expansive, and has been held to include such things as the

decor, menu and style of a restaurant, *see  Two Pesos v. Taco Cabana*, 505 U.S. 763, and even the name, date, location, registration process, and the color and design of registration forms. *Toy Mfrs. of Am. v. Helmsley-Spear, Inc.*, 960 F. Supp. 673, 680 (S.D. NY 1997).

"Passing off," as its name implies, "occurs where a company sells its goods or services under the pretense that they are the goods or services of another." *DaimlerChrysler AG v. Bloom*, 315 F.3d 932, 937 (8th Cir.2003).

The relevant public has come to associate the systems and methods by which teachers are trained and students are taught, the way in which the Transcendental Meditation technique is practiced, and Maharishi Mahesh Yogi's name and likeness with the Plaintiff, Maharishi Foundation USA. Amended Complaint ¶41. The Amended Complaint alleges that Defendants have appropriated these features, that represent the total image of the Foundation's trade dress, to confuse the relevant public into believing that their services are sponsored or otherwise approved by the Foundation or otherwise pass off the services offered under the Vedic Meditation trademark as those offered under the Transcendental Meditation trademark. Amended Complaint ¶124. Based on the allegations of the Amended Complaint, the Defendants' motion to dismiss the Foundation's claims of trade dress infringement and passing off must be denied.

### E.     Contributory Liability of Knoles & Veda Center

Knoles and the Veda Center move the Court to dismiss the Foundation's claims of contributory liability for trademark infringement, false designation of origin, unfair competition, trademark dilution, trade dress infringement, passing-off, and false

advertising. Specifically, these Defendants claim that there are no specific allegations of any conduct upon the part of Knoles and the Veda Center to support such claims. Contrary to Defendants' allegations in their motions to dismiss, the Foundation has alleged substantial acts upon the part of these Defendants to support such claims for contributory liability.

"One who induces another to commit a fraud and furnishes the means of consummating it is equally guilty and liable for the injury." *William R. Warner & Co. v. Eli Lilly & Co.*, 265 U.S. 526 (1924); s*ee also Irwin et al. v. Fed. Trade Comm.*, 143 F. 2d 316, 325 (8ᵗʰ Cir. 1944)(citing *Warner* and holding "[t]he author of false, misleading and deceptive advertising may not furnish customers with the means of misleading the public and thereby insulate himself against responsibility for its deception"). "[I]f a manufacturer or distributor intentionally induces another to infringe a trademark . . . the manufacturer or distributor is contributorily responsible for any harm done as a result of the deceit." *Inwood Lab., Inc. v. Ives Lab., Inc.*, 456 U.S. 844, 853-54 (1982)(citing the holding in *Warner*, 265 U.S. 526, *supra*). One who suggests, even by implication, to another to commit a fraud is contirbutorily liable for the fraud. *Id.* (endorsing the Second Circuit's definition of inducement). Knoles and the Veda Center have taken such actions, including:

- Knoles and the Veda Center tell their students that their meditation technique is the same as the Plaintiff's Transcendental Meditation technique. Complaint ¶ 48.

- Jules Green testified Knoles told her that the type of meditation he teaches is the same,   and has been referred to by him as "Transcendental Meditation. *Id.*

- Encouraged by these representations, Defendant The Meditation House represents to its customers that Vedic Meditation "is the same type of meditation instruction by the Foundation with the same scientifically proven health benefits" and cites to studies on the Transcendental Meditation technique as support for these claims. Id. ¶¶ 23, 49, 52.

- Teachers who have been directly trained by Knoles and the Veda Center claim to teach the same type of meditation instruction taught by the Foundation with the same scientifically proven health benefits. Id. ¶¶ 48, 54-55.

- Students or teachers who have been trained by Knoles and the Veda Center use similar disclaimers. *Compare* Knoles' disclaimer at Amended Complaint ¶44 to The Meditation House's disclaimer at Ex. H.

The Foundation has alleged sufficient evidence, some of which being Knoles' own admissions, to state a claim against Knoles and the Veda Center for contributory liable for the harm being caused by those who unfairly compete with the Foundation under the Vedic Meditation designation, including the Defendant, The Meditation House.

## CONCLUSION

Based on the foregoing, the Defendants' motions to dismiss should be denied in their entirety, other than with respect to the claim for breach of fiduciary duty (Count I) which the Foundation will stipulate may be dismissed.

## REQUEST FOR ORAL ARGUMENT

The Foundation desires to be heard on all issues raised in the Defendants' motions to dismiss and its resistance to them.

/s/Mark L. Zaiger
_____

| MARK L. ZAIGER | AT0008655 |
| KERRY A. FINLEY | AT002479 |
| JASON R. SYTSMA | AT0009728 |

for

SHUTTLEWORTH & INGERSOLL, P.L.C.

500 Firstar Bank Bldg., P.O. Box 2107

Cedar Rapids, IA 52406-2107

PHONE:     (319) 365-9461

FAX:     (319) 365-8443

mlz@shuttleworthlaw.com

jrs@shuttleworthlaw.com

kaf@shuttleworthlaw.com

ATTORNEYS FOR PLAINTIFF MAHARISHI
FOUNDATION USA, INC.

Todd A. Strother

Timothy N. Lillwitz

Bradshaw, Fowler, Proctor & Fairgrave, P.C.

801 Grand Avenue, Suite 3700

Des Moines, IA 50309-5808

Eric M. Braun, Esq.

Level 34, 50 Bridge Street

Sydney, NSW, Australia

ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

 The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action in compliance with FRCP 5 on April 4, 2013 by:

[X] Electronically via ECF for ECF registrants
[ ] U.S. Mail _____
[ ] Fax _____
[ ] Fed Ex _____
[ ] Hand Delivered _____
[ ] other _____

/s/ Heather Bertch_____