IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MAHARISHI FOUNDATION USA, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE VEDA CENTER, LLC, THOM KNOLES, and THE MEDITATION HOUSE, LLC, <br><br> Defendants. | Case No. 4:11-cv-00562 <br><br> **DEFENDANT THOM KNOLES' REPLY IN SUPPORT OF MOTION TO DISMISS** <br><br> **(Oral Argument Requested)** |

COMES NOW, Defendant Thom Knoles, by and through undersigned counsel, and pursuant to LR 7(g), hereby submits his Reply in Support of Motion to Dismiss.

## INTRODUCTION

The Resistance misstates the contents of the Complaint and of the applicable trademark and limitations laws, does not refer to or apply the "plausibility" requirement of the *Twombly* and *Iqbal* cases, and ignores the materials relied on by Mr. Knoles and included by Plaintiff as attachments to the Amended Complaint. When the case actually brought by the Plaintiff in the Amended Complaint is considered under the applicable law, it is clear that Mr. Knoles' Motion To Dismiss should be granted.

## ARGUMENT

### I. COUNT II (BREACH OF CONTRACT) SHOULD BE DISMISSED

#### A. Plaintiff Has Failed to State a Claim for Breach of Contract

The first part of Plaintiff's contract claim alleges that Plaintiff is entitled to enforce the alleged 1972 contract because Plaintiff was a party to that contract. (Resistance at p. 9, citing

Complaint at ¶ 91). This part of the contract claim fails, as Plaintiff is not a signatory to, or referred to as a party in, the alleged 1972 contract (Exhibit C), and only came into existence in 1993, over 20 years later.

The Resistance (p. 9) also seeks to rely on Paragraph 92, which alleges that the Plaintiff, "as the US organization responsible for teaching the Transcendental Meditation technique (and with exclusive rights to enforce the T.M. Mark), was and is an intended beneficiary of the contract between Maharishi Mahesh Yogi and the organisations he founded, and Defendant Thom Knoles." (Complaint at ¶92; *see also*, Resistance at p. 9). This claim must be dismissed, as it does not allege relevant facts "beyond a conclusory allegation that a party is a third party beneficiary." *In re Houbigant, Inc.*, 914 F. Supp. 964, 986 (S.D.N.Y. 1995). Paragraph 92 also seeks to rewrite, and is contrary to, the terms of the alleged 1972 contract. (Exhibit C). As the Complaint recognizes, the contract only refers to SIMS and organizations "founded by" Maharishi Mahesh Yogi. Plaintiff does not allege that it is SIMS, or was founded by Maharishi Mahesh Yogi. The contract does not state, or even suggest, that, by virtue of currently teaching T.M. in the U.S. and holding related trademark rights, the Plaintiff, (which came into existence 20 years after the 1972 contract) "was and is" a third-party beneficiary. Accordingly, there is nothing plausible, or even relevant, offered by Plaintiff to support its claim of such third party beneficiary status.

### B. The Contract Claims Must Be Dismissed On Limitations Grounds

The Resistance (p. 7-9) denies that Plaintiff is required to plead any facts relating to limitation issues, or that the contract claim is time barred, and in particular contends that:

(i) the Amended Complaint does not identify that the breach of contract claim arose in 1997, (outside of any possible limitations period), and accordingly Plaintiff need not, under Fed. R. Civ. Proc. Rule 9(f), plead avoidance of the limitations period;

(ii) the applicable limitation period is the ten-year contract period under Iowa law and under Iowa law the discovery rule applies to toll this limitations period; and

(iii) the Plaintiff "could establish" that Knoles' alleged breach did not occur, or that Plaintiff was not on inquiry notice of it, more than ten years before filing the Amended Complaint (i.e. before February 7, 2003).

These arguments fail for several independent reasons.

First, the Complaint does identify that the alleged breach of contract occurred from 1997. The alleged breach of contract is Mr. Knoles' use of methods or information relating to the teaching of "Transcendental Meditation" to teach mediation other than as an employee of WPECA or organizations "founded by" Maharihsi Mahesh Yogi. (Complaint at ¶¶'s 34–41, 57, 93-94). These Paragraphs allege that from 1972 – 1997, Mr. Knoles taught Transcendental Meditation in association with WPECA and the Plaintiff, that in 1997 his association with WPECA and the Plaintiff ended, that from 1997 he continued to teach meditation in Australia and the United States independently, and that his independent teaching of meditation is based on "wholesale appropriation" of the Transcendental Meditation technique. This alleged breach, commencing in 1997, is confirmed by Exhibit E (¶¶'s 1–3) to the Complaint. The alleged breach, prior to 2003, also is confirmed in Exhibit G.[1] Since it appears from the Complaint that the alleged breach of contract began outside of even the ten-year limitations period claimed by Plaintiff to apply, and no facts to avoid the limitations bar have been pled, this claim must be dismissed under Rule 9(f).

Second, the Complaint contains nothing to support Plaintiff's contention that Iowa law applies to this breach of contract claim, and the Resistance offers no support for that contention. Further, under the applicable choice of law test, it is apparent that Iowa law does not apply, and

---

[1] Exhibit G states, at p. 3: "Thom began teaching widely in the United States . . . (starting a few days after September 11th, 2001)."

that the six-year period under Australia law applies. Under the six-year period, the contract claim is time-barred because as the Resistance admits, (at p. 8), Plaintiff knew of the alleged breach of contract prior to December 2005, (which is outside this six-year period).

Federal District Courts look to section 142 of Restatement (Second) of Conflict of Laws to determine the applicable limitations law. *See Washburn v. Soper,* 319 F.3d 338 (8th Cir. 2003). Part 2(b) of section 142 relies on the "most significant relationship" test which includes the following factors: (1) the place of contracting, (2) the place of negotiation, (3) the place of performance, (4) the place of the subject matter of the contract, and (5) the domicile or residence of the parties. *See Harlan Feeders, Inc. v. Grand Labs., Inc.,* 881 F. Supp. 1400, 1412 (N.D. Iowa 1995) (applying factors of Restatement (Second) Conflicts of Law § 188 to choice of law analysis of contract claim). Here, factors 3 through 5 point to Australia. At the time the alleged contract was executed, Knoles was a permanent resident of Australia (Exhibit E), it was clear that Knoles would perform the alleged contract in Australia (Complaint at ¶¶'s 37-38), and Australia is the location of the alleged breach (Complaint at ¶¶ 34 – 41). Factors (1) – (2) are of lesser importance, since although the contract was entered into in Spain, that was only because the T.M. teacher training course was held there (Exhibit E at ¶ 1; Complaint at ¶ 34). There are no allegations that the alleged contract was signed or negotiated in Iowa, or that Knoles has ever performed any meditation services in Iowa. Thus, Iowa has no relationship to the alleged contract.

Third, even if the ten-year limitations period under Iowa law did apply, the discovery rule does not, under Iowa law, apply to breach of contact actions. *See John Q. Hammons Hotels, Inc. v. Acorn Window Sys., Inc.,* No. C01-0151, 2003 WL 22852124, at *8-9 (N.D. Iowa Oct. 15, 2003), ("[the] Iowa Supreme Court has recognized that there is a strong authority disfavoring the

application of the discovery rule to actions based on contract.") Accordingly, even if the ten-year Iowa limitations period were applied, the contract claim is time-barred because the Complaint identifies that the breach commenced in 1997 and was continuing in 2001, outside this period.

Fourth, even if the discovery rule were available, and a basis for it to be applied here did not have to be pled under Rule 9(f), Plaintiff could not plausibly allege that it was not on inquiry notice, from 1997, of the alleged breach of contract. Plaintiff was put on inquiry notice of the alleged breach of contract in 1997 when Mr. Knoles, a T.M. teacher with Plaintiff's affiliate WPECA for the prior 25 years, disassociated himself from WPECA and the Plaintiff, and commenced to teach meditation independently of them. That alone placed Plaintiff and WPECA on inquiry notice of Mr. Knoles using his T.M. knowledge acquired in 1972 and used with WPECA for the past 25 years to continue to teach meditation.[2]

## II. PLAINTIFF FAILS TO STATE TRADEMARK AND FALSE ADVERTISING CLAIMS

The Resistance, at pp. 11-13, incorrectly claims that the Complaint identifies an actionable "use" of Plaintiff's Mark after 2005 by Mr. Knoles. The first two points on page 11 refer to alleged use, *prior to 2005* by Mr. Knoles (Exhibit E) and on his website (Exhibit D). These uses are irrelevant here (as they are not included in this Motion To Dimiss). The third point refers to Paragraph 48. The first two sentences in Paragraph 48 do not allege any use of Plaintiff's Mark at all, and the last statement is not by Mr. Knoles, and is a nominative fair use of Plaintiff's Mark. The remaining points either involve no use of Plaintiff's Mark, or a nominative fair use. Plaintiff's points also fail to identify any claim of trademark dilution. On these

---

[2] Notably, Plaintiff also, in one sentence, attempts to apply the doctrine of fraudulent concealment by referencing Knoles' alleged fiduciary duty to Plaintiff. Resistance at p. 9. This sentence must be ignored because (1) Plaintiff has already conceded dismissal of its breach of fiduciary duty claim, and (2) Plaintiff has failed to plead the required elements of fraudulent concealment. (*See* Doc. 61-1 at pp. 5-6).

matters, the trademark law principles referred to on pages 1-7 of the Reply of The Meditation House LLC are incorporated by reference.

Plaintiff also incorrectly states that its various allegations of trademark violations must be considered together as part of one single allegation of trademark infringement, and cannot be addressed separately. (Resistance at p. 13). This is incorrect. In order to state a claim of trademark infringement, a given "use" of Plaintiff's Mark must be identified that causes a substantial likelihood of customers being confused that the Defendant's services are supplied by or affiliated with the Plaintiff. For example, in a case of several different advertisements or displays, each must involve a use of the trademark to cause a substantial likelihood of confusion. Also, an advertisement or display that does not involve a use of the trademark (such as Exhibit G) does violate trademark law, and cannot be claimed to do so based on allegations that other statements or displays to involve such a use. For that reason, Defendant Knoles is entitled to dismissal of Plaintiff's claims that Exhibit G, and the reference to scientific studies on the Knoles website prior to December 2005 (Exhibit D), violate trademark law.

On the false advertising claims, Defendant Knoles' also incorporates by reference pages 7-8 of the Reply of Defendant The Meditation House, LLC.

## CONCLUSION

For the above reasons, Defendant's Motion to dismiss all claims against Defendant Thom Knoles, (other than the false advertising claims based on Paragraphs 46 – 47 of the Complaint, and the trademark and false advertising claims based on Paragraph 48), should be granted.

BRADSHAW, FOWLER, PROCTOR &
FAIRGRAVE, P.C.

By: /s/ Todd A. Strother
Todd A. Strother  AT0007650
Timothy N. Lillwitz  AT0008904
801 Grand Avenue, Suite 3700
Des Moines, IA  50309-8004
Tel:  (515) 243-4191
Fax:  (515) 246-5808
E-Mail: strother.todd@bradshawlaw.com
E-Mail: lillwitz.timothy@bradshawlaw.com

By: /s/ Eric M. Braun
Eric M. Braun, NY State Bar No. 2331890
Level 34, 50 Bridge Street
Sydney, NSW, Australia
Telephone: (+61 419 208 276)
E-mail: ericbraun@emblegal.com
(Admitted Pro Hac Vice)

ATTORNEYS FOR DEFENDANT THOM KNOLES

Original filed

Copy to:

Mark Zaiger
Jason Sytsma
Shuttleworth & Ingersoll, P.L.C.
500 Firstar Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406
ATTORNEYS FOR PLAINTIFF

CERTIFICATE OF SERVICE
The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on the 15th day of April, 2013 by:
☐ U.S. Mail              ☐ FAX
☐ Hand Delivered         ☐ UPS
☐ Federal Express        ☒ Other: EM/ECF

/s/ Lori O'Connor