IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| MAHARISHI FOUNDATION USA, INC., | No. 4:11-cv-00562-JAJ |
| Plaintiff, | |
| vs. | |
| THE VEDA CENTER, LLC, THOMAS KNOLES, and THE MEDITATION HOUSE, LLC, | **ORDER** |
| Defendants. | |

This matter comes before the court pursuant to the defendants' March 11, 2013 Motions to Dismiss For Failure to State a Claim Upon Which Relief Can be Granted. [Dkt. Nos. 60, 61, 62] Oral argument has been requested. The court will give the plaintiff an opportunity to amend its complaint before holding oral argument on the motions to dismiss.

## I. **Motions to Dismiss**

Fed. R. Civ. P. 8 requires that a complaint present "a short and plain statement of the claim showing that the pleader is entitled to relief." The Court may only consider the matters contained within the pleadings. *Noble Sys. Corp. v. Alorica Cent., LLC*, 543 F.3d 978, 982 (8th Cir. 2008). The Court must accept as true all of the complaint's factual allegations, viewing them in the light most favorable to the plaintiff. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 n.1 (2002). To survive a 12(b)(6) motion, the claim "may be supported by showing any set of facts consistent with the allegations in the

complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563. The complaint must also "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden v. Walmart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)). This "plausibility standard" requires a plaintiff to establish at the pleading stage that "success on the merits is more than a sheer possibility." *Id.* Therefore, the factual allegations, taken as true, must "be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Mere "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). Furthermore, "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible." *Braden*, 588 F.3d at 594 (citations omitted).

## II. The Complaint

The plaintiffs' 35-page first amended complaint [Dkt. No. 52] is long on allegations and short on specifics. In it, the plaintiff claims the exclusive right to use the term "Transcendental Meditation" by reason of a service mark from the United States Patent and Trademark Office. Transcendental Meditation is a meditation technique developed by Maharishi Mahesh Yogi. According to the complaint, Transcendental Meditation is based on meditation techniques that can be traced back to ancient India's Veda period. By controlling who can teach Transcendental Meditation and how it is taught, the plaintiff contends that it has developed Transcendental Meditation into "brand" status. The complaint further alleges that Transcendental Meditation has been extensively studied and has been scientifically determined to promote good health, among other things. It further contends that Maharishi Mahesh Yogi's name and likeness are closely associated with Transcendental Meditation.

The complaint further alleges that defendant Thomas Knoles learned to teach Transcendental Meditation in the early 1970s. As a part of his training, Knoles signed a pledge in 1972 to Maharishi Mahesh Yogi to teach Transcendental Meditation only as an employee of SIMS. The plaintiff somehow contends that it is entitled to enforce this agreement during Knoles' lifetime, apparently on a worldwide basis. Knoles currently teaches meditation and uses the term Vedic Meditation to describe what he does. The plaintiff claims that Vedic Meditation is the same thing as Transcendental Meditation.[1]

The complaint alleges that the defendants used the term Transcendental Meditation before 2005 and that they stopped doing so at the plaintiff's insistence. It was at this point that he began describing his practice as Vedic Meditation. Without saying how, the plaintiff alleges that it is the defendants' intention to render Transcendental Meditation generic. It claims that Knoles falsely claims an association with Maharishi Mahesh Yogi and that he tells his students that Vedic Meditation is the same thing as Transcendental Meditation.

The court is skeptical of these claims because of the conclusory allegations largely devoid of factual support. For example, in Count 3 the plaintiff alleges that the defendants "used a false or misleading description of fact, or a false or misleading representation of fact in promoting the defendants' services." It is certainly incumbent upon the plaintiff to allege factually what description of fact or representation of fact was false or misleading, when it was made and where. In Count 5, the plaintiff alleges that the defendants have represented falsely that their services and businesses are legitimately connected with the plaintiff and its services and have falsely claimed that their services are sponsored or approved by the plaintiff. The materials attached to the complaint explicitly disclaim an association. Again, the plaintiff has to allege when, where and how these alleged false

---

[1]Interestingly, the plaintiff claims both that Transcendental Meditation and Vedic Meditation are the same thing and that the defendants falsely claim that the studies showing that Transcendental Meditation promotes health benefits are applicable to Vedic Meditation.

representations were made.

In Count 6, the plaintiff alleges that the defendants have made statements indicating that their services are equivalent to Transcendental Meditation. The plaintiff needs to allege where, when and by whom such representations were made. The same is true in Count 7, paragraph 118 of the complaint.

Count 8 alleges that the defendants have wrongfully used the Transcendental Meditation trademark. The plaintiff needs to allege when, where and by whom there was wrongful use. Further, the plaintiff alleges that the defendants have "appropriated" Maharishi Mahesh Yogi's name and likeness. It needs to allege how this was done, when and by whom. It further alleges that the defendants appropriated the "systems and methods" used by the plaintiff. While the court doubts that this could constitute trade dress infringement, the plaintiff needs to specify what "systems and methods" were appropriated, how they were appropriated, by whom and when.

The plaintiff needs to allege facts showing a plausible claim in Count 10, showing how the defendants allegedly willfully intended to trade on the plaintiff's reputation and caused dilution of its trademark. Similarly, in Count 11 the plaintiff needs to be specific about description of material facts that were false or misleading, when they were made and by whom and where. In Count 12, the facts demonstrating a willful intent to trade on the plaintiff's reputation must be alleged. In Count 13, the plaintiff simply alleges that the defendants' "acts" constitute trademark infringement. These allegations are insufficient as a matter of law. The same is true with respect to the claim in Count 14, paragraph 155, and Count 15, paragraph 160.

This court has always disfavored litigation over the quality of pleadings because of its distraction from a resolution on the merits. Here, however, the factual portion of the complaint, paragraphs 7-81, do not assist the court in its function to weed out claims on grounds such as statute of limitations and lack of factual specificity.

Upon the foregoing,

**IT IS ORDERED** that the plaintiff shall amend its complaint in compliance with the text of this order on or before **May 2, 2013.** Oral arguments on defendants' Motions to Dismiss shall be held on **May 10, 2013 at 9:00 a.m. in Des Moines**.

**DATED** this 18th day of April, 2013.

JOHN A. JARVEY
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF IOWA