**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | | |
|---|---|---|
| **MAHARISHI FOUNDATION USA, INC.** | ) ) ) | |
| | ) | **No. 4:11-cv-562** |
| **Plaintiff,** | ) ) | |
| **vs.** | ) ) | **BRIEF IN SUPPORT OF CONSOLIDATED RESISTANCE** |
| **THE VEDA CENTER, LLC, THOMAS KNOLES, AND THE MEDITATION HOUSE, LLC** | ) ) ) ) | **TO DEFENDANTS' MOTIONS TO DISMISS AND REQUEST FOR ORAL ARGUMENT** |
| **Defendants.** | ) ) | |

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................. 1

ARGUMENT ....................................................................................................................... 1

    I.  LEGAL STANDARD ................................................................................................ 1

        A.  Likelihood of Confusion Claims ....................................................................... 2
        B.  False Advertising Claims ................................................................................... 4

CONCLUSION ................................................................................................................... 7

<u>**PRELIMINARY STATEMENT**</u>

Plaintiff Maharishi Foundation USA, Inc. ("Foundation"), submits this brief pursuant to Rules 8(a)(2) and 12(b)(6) of the Federal Rules of Civil Procedure ("Federal Rules") and Local Rule 7(e), in resistance to the motions to dismiss the Second Amended and Substituted Complaint filed by the Defendants, the Veda Center, LLC ("Veda Center"), Thomas Knoles ("Knoles"), and the Meditation House, LLC ("Meditation House").

<u>**ARGUMENT**</u>

Plaintiff resists Defendants' motion to dismiss the Second Amended and Substituted Complaints ("Second Amended Complaint"). Plaintiff relies on its resistance filed April 4, 2013, Docket # 72 and its statements made at oral hearing on May 10, 2013, as well as the following arguments.

## I.     LEGAL STANDARD

Under federal notice pleading standards, allegations in a complaint only need to be facially plausible. *See* Fed.R.Civ.P. 8(a)(2); *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007), *citing Bell Atlantic v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). *Twombly* does not require heightened fact pleading of specifics. *In re Elevator Antirust Litigation*, 502 F. 3d 47, 50 (2nd Cir. 2007). Lanham Act claims, which include false advertising and trademark infringement, are not subject to the heightened pleading

requirements of Rule 9(b). *Super 8 Worldwide, Inc. v. Riro, Inc.*, 2011 WL 5827801, *3 (D.Neb.2011). A properly pled Lanham Act claim need not show a *strong* likelihood of confusion, but need only to plead facts from which a court can infer a plausible likelihood of confusion, *Tecumseh Poultry LLC v. Perdue Holdings, Inc.*, 2012 WL 3018255 *26 (D. Neb. 2012); just enough facts to "nudge [plaintiffs'] claims across the line from conceivable to plausible." *Twombly,* 127 S.Ct. at 1974.

The Court instructed the Plaintiff to allege the when, where, and how of Plaintiff's claims (see pgs. 3-4 Order). In response, Plaintiff filed the Second Amended Complaint with 14 claims, including, *inter aliai*, several claims under the Lanham Act. In support of these claims, the Plaintiff alleged a host of factual assertions supported with specific allegations of when, where, and how. Second Amended Complaint at ¶¶ 52, 54, 55, 58, 60, 61, 62, 63, 64, 66-68, 72-76. For brevity's sake, the following address generally the federal claims under the Lanham Act in two groups (a) claim relying on a likelihood of confusion under Sections 32 and 43(a)(1)(A) (Counts I, III, IV, VI, and VIII), and (b) claims for false advertising under Section 43(a)(1)(B) (Counts II and VII).

### A.    LIKELIHOOD OF CONFUSION CLAIMS

"Likelihood of confusion is the hallmark of any trademark infringement claim, and is necessary to prevail on claims for trademark infringement under § *1114(a)* and unfair competition under § *1125(a)*." *Tecumseh Poultry LLC v. Perdue Holdings, Inc.*, 2012 WL 3018255 *3 (D. Neb. 2012)(citing *Minnesota Min. & Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1308 (8th Cir.1997)). "To prevail on a claim of trademark infringement under

15 U.S .C. § 1114(a), a plaintiff must establish that it owns a valid, protectable mark and that there is a likelihood of confusion between its mark and the defendant's mark." *Id.*

In this Action, Plaintiff contends that Defendants are using Plaintiff's Transcendental Meditation trademark to promote their services. *Second Amended Complaint* at ¶¶ 83, 135, 155, 195, and 223). In support of these allegations, Plaintiff alleges specific instances that include when, where, and how in which each Defendant has used in commerce the Transcendental Meditation trademark to promote their services, for example, (i) Plaintiff alleges specific instances where Defendants have made commercial uses of Plaintiff's trademarks to promote their services, *Id.* at ¶¶ 85-92; (ii) Plaintiff alleges a specific instance of where Defendant, The Meditation House led a consumer (Mr. Robbins) to believe its services are the same as the Transcendental Meditation technique, *Id.* at ¶ 91; and (iii) Plaintiff alleged a specific instance in which Defendant The Meditation House admitted in a sworn statement that Defendants Knoles and The Veda Center told it that the meditation they teach "is the same, and has been referred to by him by the terms 'Transcendental Meditation' and 'Vedic Meditation,'" *Id.* at ¶ 87.

Based on these actions, the Court can infer a plausible likelihood of confusion. The Transcendental Meditation service mark is a strong and highly distinctive mark as supported in paragraphs 13-18 and 23. *Id.* at ¶ 96. The Defendants are using the Plaintiff's service mark to promote their directly competing services. A wealth of evidence demonstrates the Defendants intent to pass off their service as being the same as those offered by the Plaintiff, including: (i) deliberately copying the total image of the

Plaintiff's Transcendental Meditation technique by using Maharishi Mahesh Yogi's name and likeness, promoting the practice of their Vedic Meditation technique for 20 minutes twice daily, offering instruction in their meditation services over four days with an introductory lecture followed by three days of courses and lessons, and using questionnaires following each day's course with questions identical to those used by the Plaintiff, *Id*. at ¶ 45; and (ii) Knoles' admission of openly claiming to teach the Transcendental Meditation technique through December 2005, *Id*. at ¶ 47. There have also been instances of actual consumer confusion. *Id*. at 103. There is considerable evidence from which the court can infer a plausible likelihood of confusion.

### b. FALSE ADVERTISING CLAIMS

The Lanham Act prohibits commercial claims that are literally false as a factual matter, as well as claims that may be literally true or ambiguous but, which implicitly convey a false impression, are misleading in context, or likely to deceive consumers. *United Industries Co. v. The Clorox Co.*, 140 F. 3d 1175, 1180-82 (8th Cir. 1998). In the context of comparative advertising, the Lanham Act prohibits false or misleading bald assertions (e. g., "My product is better than yours"); and assertions supported by testing (e. g., "Tests prove my product is better than yours"). *EFCO Corp. v. Symons Corp.*, 219 F.3d 734, 739 (8th Cir. 2000)(citing *United Industries Co.*, 140 F. 3d at 1181-82)

Plaintiff has alleged several examples of false or misleading representations that are actionable under the Lanham Act. Second Amended Complaint at ¶¶ 111 – 120. These allegations include very specific statements by the Defendants about the amount of scientific research that has been conducted on their Vedic Meditation technique, the

health benefits shown in these studies, and the equivalency between the Foundation's Transcendental Meditation technique and their Vedic Meditation technique, as well as when and where these statements were made. *Id*.

The Defendants contend that the Plaintiff's false advertising claims are inconsistent with other factual allegations in the Complaint, and therefore, render the false advertising claims implausible. Defendant The Meditation House, LLC's Memorandum of Law in Support of Motion to Dismiss [docket 60], pg. 68. While Plaintiff believes that Knoles misappropriated the Foundation's confidential information and derived much of his Vedic Meditation technique from a wholesale appropriation of the Foundation's Transcendental Meditation technique, this does not render Knole's Vedic Meditation technique equivalent to the Transcendental Meditation technique. The extent of Knoles' misappropriation has yet to be discovered. The only information the Plaintiff has about the nature of the Defendants' Vedic Meditation technique is the Defendants' self-serving statement that the respective techniques are the same and information gleaned from limited discovery.

Furthermore, even if the Defendants' underlying technique (i.e., the contents of the soda can) were the same as the Transcendental Meditation technique, it would not render the respective meditation techniques the same. Defendants conveniently disregard the quality identifying function of a trademarked-service by contending that these "allegations are insufficient." *Id*. at pg. 19. Quite the contrary, trademark law serves to guarantee the quality of the trademarked product. *Polymer Technology Corp. v. Mimran*, 37 F. 3d 74, 78 (2nd Cir. 1994).

It is a critical function of any brand to control the quality of its goods and services. It's why Coca-Cola tastes the same regardless of whether it was bottled in Atlanta, Ga or Atlantic, Ia. In this regard, the Foundation's quality control measures insure that the subjects of the scientific studies on the Transcendental Meditation technique are learning the same form of meditation that is being taught at any one of the TM centers around the country. Second Amended Complaint at ¶ 31-35.

Defendants contend that it is the Plaintiff's burden to demonstrate that the Defendants services are not sufficiently similar to the Plaintiff's services to not be covered by the scientific studies on the Transcendental Meditation technique. This is not the law. "If a plaintiff proves that a challenged claim is literally false, a court may grant relief without considering whether the buying public was actually misled; actual consumer confusion need not be proved." *Clorox Co.*, 140 F. 3d at 1180. "False descriptions of specific or absolute characteristics of a product and specific, measurable claims of product superiority based on product testing are not puffery and are actionable." *Id*. Plaintiff has alleged specific unambiguous statements by each of the Defendants that it contends are false and misleading, including, but not limited to, claiming that: (i) " Over 500 scientific research studies conducted during the past 25 years at more than 200 independent universities and research institutes in 30 countries have shown that [Vedic Meditation] benefits every areas of an individual's life: mind, body, behavior, and environment.", Second Amended Complaint at ¶ 111; (ii) "scientific studies conducted at over 200 research institutes and universities, a few minutes of Vedic Meditation each day produces a wide range of health benefits," *Id*. at

¶ 112; (iii) Vedic Meditation provides "reduced risk of heart disease" and "normalization of blood pressure," *Id.*; (iv) Vedic Meditation is the same as Transcendental Meditation, *Id.* at 116; and (v) Knoles was personally instructed by Maharishi Mahesh Yogi and was personally conferred by him with an honorary doctorate, *Id.* at 118-119.

**<u>CONCLUSION</u>**

Based on the foregoing, the Defendants' motions to dismiss should be denied in their entirety.

/s/Mark L. Zaiger
MARK L. ZAIGER          AT0008655
KERRY A. FINLEY         AT002479
JASON R. SYTSMA         AT0009728
                for
SHUTTLEWORTH & INGERSOLL, P.L.C.
500 Firstar Bank Bldg., P.O. Box 2107
Cedar Rapids, IA 52406-2107
PHONE:       (319) 365-9461
FAX:         (319) 365-8443
mlz@shuttleworthlaw.com
jrs@shuttleworthlaw.com
kaf@shuttleworthlaw.com
ATTORNEYS FOR PLAINTIFF MAHARISHI
FOUNDATION USA, INC.

Todd A. Strother
Timothy N. Lillwitz
Bradshaw, Fowler, Proctor & Fairgrave, P.C.
801 Grand Avenue, Suite 3700
Des Moines, IA 50309-5808


Eric M. Braun, Esq.
Level 34, 50 Bridge Street
Sydney, NSW, Australia
ATTORNEYS FOR DEFENDANT

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served upon counsel of record for each party to the action in compliance with FRCP 5 on May 28, 2013 by:

[X] Electronically via ECF for ECF registrants
[ ] U.S. Mail _____
[ ] Fax _____
[ ] Fed Ex _____
[ ] Hand Delivered _____
[ ] other _____


/s/ Heather Bertch_____