**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF IOWA**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| MAHARISHI FOUNDATION USA, INC., | * | CIVIL NO. 4:11-cv-00562-JAJ-HCA |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| THE VEDA CENTER, LLC, | * | |
| THOMAS KNOLES, and | * | |
| THE MEDITATION HOUSE, LLC, | * | |
| | * | |
| Defendants. | * | **ORDER ON DEFENDANTS' MOTION** |
| | * | **TO PRECLUDE OR LIMIT EXPERT** |
| | * | **TESTIMONY AND STRIKE** |
| THOMAS KNOLES, | * | **PORTIONS OF PLAINTIFF'S EXPERT** |
| | * | **DESIGNATION** |
| Counter Claimant, | * | |
| | * | |
| v. | * | |
| | * | |
| MAHARISHI FOUNDATION USA, INC., | * | |
| | * | |
| Counter Defendant. | * | |

## I.  INTRODUCTION

Before the court is a Motion to Preclude or Limit Expert Testimony and Strike Portions of Plaintiff's Expert Designation (Doc. No. 169) filed on October 2, 2014, by defendants Thom Knoles, The Veda Center, LLC, and The Meditation House, LLC., with a supporting Declaration (Doc. No. 169-1) and Brief (Doc. No. 169-2).  Plaintiff Maharishi Foundation USA, Inc. submitted a Brief in Resistance (Doc. No. 181) on October 17, 2014.   Defendants filed a Reply (Doc. No. 200) on November 5, 2014.

The court considers the matter to be fully submitted and finds no need for oral argument. For the reasons which follow, the motion shall be granted in part and denied in part.

## II.  BACKGROUND

Plaintiff served an initial Designation of Experts (Doc. No. 169-4) on April 1, 2014, pursuant to the court's Trial and Scheduling Order (Doc. No. 102).  Plaintiff listed 2 individuals as "Retained Experts" in Part I of the designation and 26 individuals as "Non-Retained Experts" in Part II of the designation.  Plaintiff described each of the 26 "Non-Retained Experts" as "primarily a fact witness."

On May 2, 2014, defendants filed a Motion to Strike Plaintiff's Expert Designation and to Compel New Designation (Doc. No. 122) and plaintiff filed a Motion for Limited Extension of Expert Deadline (Doc. No. 123).  The court granted in part plaintiff's motion for an extension and ordered as follows:

> Plaintiff shall have until August 22, 2014, to supplement its designation of expert witnesses and disclose their written reports.
>
> Defendants shall have until October 24, 2014, to designate expert witnesses and disclose their written reports.
>
> Plaintiff shall have until November 14, 2014, to designate rebuttal expert witnesses and disclose their written reports.

(Order (Doc. No. 124).)  Additionally, because the court anticipates that the parties will file motions objecting to some or all expert witnesses, a deadline of April 27, 2015, was set for the filing of any such motions pursuant to Federal Rule of Evidence 702. (*Id.* p. 2.)

The court then denied Defendant's Motion to Strike Plaintiff's Expert Designation and to Compel New Designation. (*Id.*)  The court recognized the concerns raised by defendants but determined many of those issues were premature given the extended deadlines. (*Id.*)  It was emphasized that plaintiff had "until August 22, 2014, to complete any necessary discovery and serve a supplemental designation of experts which fully complies with Federal Rule of Civil Procedure 26(a)(2)." (*Id.*)

Plaintiff timely served a Supplemental Designation of Experts (Doc. No. 169-3) on August 22, 2014. Plaintiff listed 3 individuals in Part I as "Retained Experts", and provided signed reports for each, and listed 25 individuals in Part II as "Non-Retained Experts". Each of the "Non-Retained Experts" were described by plaintiff as follows:

> [The individual] is primarily a fact witness. However, by virtue of his knowledge, skill, education, training or experience, [the individual] may have testimony that might qualify as "expert" opinion within the meaning of Rule 702, 703, and 705, Federal Rule of Evidence.

(Supplemental Designation Part II, ¶¶ 1-25.) Plaintiff then provided a relatively short summary of each individual's "anticipated" testimony. (*Id.*)

Five of the "Non-Retained Experts" are present or former employees of plaintiff. The other 20 "Non-Retained Experts" were identified as participating "in specific scientific research studies [the individual] performed on the Transcendental Meditation technique, including [the individual's] use of the scientific method." (*Id.* ¶¶ 4-5, 7, 9-25.) A list of publications in which the individual's studies have been published was attached to the Supplemental Designation. Except for two of the individuals, plaintiff provided only the following boilerplate summary:

> [The individual] is anticipated to testify about the methodology he used in conducting the studies in which he was involved, the results he obtained, and the factors he considered or did not consider in conducting a proper scientific study. It is anticipated that he will explain why he conducted the studies, what limits he placed on the study and why he used those limits. It is also anticipated that he will testify about the effects of the Transcendental Meditation technique based on the results of the studies he conducted.

(*Id.* ¶¶ 4-5, 7, 9, 11-13, 15-25.) Plaintiff explains that "the scientific study authors are listed as non-retained experts only out of an abundance of caution to the extent the witnesses may be asked questions during trial related to the studies they conducted." (Plaintiff's Brief in Resistance p. 2.) Plaintiff emphasizes that their "testimony will be limited to a discussion of the studies they conducted" and "as stated in the Supplemental Expert Disclosure statement." (*Id.* pp. 2-3.)

3

### III.  DISCUSSION

In the present motion, defendants contend that plaintiff's Supplemental Designation does not comply with Federal Rule of Civil Procedure 26(a)(2) and asserts that certain portions should be stricken and testimony precluded or limited. (Defendants' Motion ¶ 4.)   Primarily, defendants argue that the designation of the 25 expert witnesses referred to in Part II as "Non-Retained Experts" is deficient because no actual opinions, or the basis for them, have been identified for any of those individuals. (*Id.* ¶ 5.)   Defendants assert that this failure will "make compliance with the current Trial Scheduling Order impossible, and cause great unfairness and prejudice to Defendants and the efficient and orderly progression of this case." (*Id.*)   Defendants urge the court, pursuant to Federal Rule of Civil Procedure 37(c)(1)[1], to preclude the expert testimony from any of the 25 persons listed, and strike Part II of plaintiff's Supplemental Designation. (*Id.* ¶ 6.) Alternatively, defendants suggest that the court provide plaintiff a third and final opportunity to comply with the disclosure requirements of Rule 26(a)(2) within a strictly limited period. (*Id.*)

---

[1]  Rule 37(c)(1) provides as follows:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(vi).

Fed. R. Civ. P. 37(c)(1).

Defendants also object to plaintiff's designation of the 20 scientific study authors as unnecessary and unfair. (*Id.* ¶ 6.)  Defendants argue those individuals will provide highly duplicative evidence relating to the scientific studies of Transcendental Meditation. (*Id.*) Defendants suggest that, if expert evidence from the 20 study authors is not precluded, the court should require plaintiff to promptly designate no more than five scientists and comply with Rule 26(a)(2) for each of them. (*Id.*)

Based on a recent submission by the parties, a significant portion of defendants' concerns appear to have been rendered moot.  On December 5, 2014, the parties submitted a Joint Status Report Regarding Schedule (Doc. No 213) proposing a schedule for certain, remaining deadlines and stated therein as follows: "Plaintiff will identify to Defendants which of the 20 scientists designated as non-retained experts of Plaintiff will remain witnesses for trial and which will not by the close of business on Friday, December 12, 2014." (*Id.* ¶ 1.)  In correspondence between counsel, plaintiff indicated it would limit the number of scientific authors as trial witnesses to four or five. (Doc. No. 169-1, p. 6.)  The court subsequently adopted the parties' proposed schedule and ordered as follows:

> Plaintiff shall identify by December 12, 2014, which of the scientists designated as non-retained experts will remain witnesses for trial. Defendants shall designate expert witnesses and disclose their written reports by December 22, 2014. Plaintiff shall designate rebuttal expert witnesses and disclose their written reports by January 9, 2015. Depositions necessary for dispositive motions shall be completed sufficiently in advance to meet the February 8, 2015 deadline for filing dispositive motions.

(Text Order (Doc. No. 214).)

During a status conference with counsel on Friday, December 19, 2014, the parties advised the court that plaintiff has now identified for defendants the specific study authors to be called to testify at trial.  The court therefore assumes that plaintiff has now limited the non-retained scientists it will call at trial, rendering this issue moot.  As a result, and in general, the court also

5

rejects defendants' contention that plaintiff's Supplemental Designation "would make compliance with the current Trial Scheduling Order impossible." The court has recently and repeatedly emphasized the current deadline for filing dispositive motions, February 8, 2015, and the trial date, June 8, 2015, shall be maintained. The court fully expects the parties to be able to complete discovery as necessary, including as related to experts, through the good faith efforts of counsel without any unfair prejudice or undue burden to either side of the litigation. Consequently, under the current record and posture of the case, defendants request pursuant to Rule 37(c)(1) to preclude or limit any expert testimony, or strike portions of plaintiff's expert designation, is denied.

Plaintiff must still fully comply, however, with the disclosure requirements for those "non-retained" experts now identified as expected trial witnesses. Federal Rule of Civil Procedure 26(a)(2) governs the disclosure of expert testimony and provides as follows:

> (A) *In General.* In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>
> (B) *Witnesses Who Must Provide a Written Report.* Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report— prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:
>
>> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>>
>> (ii) the facts or data considered by the witness in forming them;
>>
>> (iii) any exhibits that will be used to summarize or support them;
>>
>> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>>
>> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>>
>> (vi) a statement of the compensation to be paid for the study and testimony in the case.

>(C) *Witnesses Who Do Not Provide a Written Report.* Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>
>>(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>>
>>(ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2).

Under the current record, the court does not believe plaintiff is required to adhere to the disclosure requirements under Rule 26(a)(2) subsection (B), requiring a written report, for any of the individuals listed under Part II of its Supplemental Designation. None of those individuals appear to be "retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). Defendants' argument to the contrary is unpersuasive.

Plaintiff must adhere, however, to the disclosure requirements under Rule 26(a)(2) subsection (C) for those "non-retained" individuals "it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). Accordingly, for those individuals in Part II of its Supplemental Designation which are expected to be trial witnesses, plaintiff must disclose "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). In the court's opinion, the information provided for the scientific study authors in the Supplemental Designation falls short of meeting subsection (C)'s requirements. During the December 19th status conference, plaintiff's counsel indicated he would supplement the initial disclosures and expert supplementation as referenced in this Order.

Foremost, the boilerplate statement provided for most of the 20 study authors clearly misses the mark. Contrary to plaintiff's argument, the boilerplate language did not provide a sufficient summary of the facts and opinions to which each particular witness is expected to testify. Merely listing the specific studies for each individual is also insufficient and must be supplemented with a proper summary of the particular facts and opinions to be expected from the study authors identified to testify at trial.

Finally, in regard to the five current and former employees of plaintiff listed under Part II, the court finds that the disclosed information is sufficient under subsection (C)'s requirements. While the information lacks some depth, plaintiff is not required to specify in detail every fact and opinion to which those individuals may testify. Defendants may learn those details by deposing each individual.

## IV.   CONCLUSION AND ORDER

For those reasons, Defendants' Motion to Preclude or Limit Expert Testimony and Strike Portions of Plaintiff's Expert Designation (Doc. No. 169) is **granted in part and denied in part.** Defendants' request pursuant to Federal Rule of Civil Procedure 37(c)(1) to preclude or limit expert testimony, or strike portions of plaintiff's expert designation, is denied. **By no later than January 7, 2015,** plaintiff must supplement its designation of the scientific study authors who are expected to testify at trial by providing a summary of the facts and opinions to which each witness is expected to testify as required pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). The court further instructs the parties to confer and agree, **also by no later than January 7, 2015,** upon a new expert designation deadline for defendants and rebuttal expert deadline, if needed. If the parties are unable to do so, they may notify the court so that a status conference promptly can be held. Defendants' request for an award of attorneys' fees in preparing the motion is denied.

IT IS SO ORDERED.

Dated December 23, 2014.

                                                  HELEN C. ADAMS
                                                  UNITED STATES MAGISTRATE JUDGE